*45 OPINION of the Court, by
Judge Owsiey.
The sheriff having taken, under a writ offien facias against the estate of Dorsey, a tract of land, a part of which had been previously conveyed to Barbee, by a deed from Dorsey, but which had not been admitted to record; and being about to expose the same to sale at twelve months credit, an agreement was made between Cock, Barbee and Dorsey, whereby Cock was to become the purchaser at the sale of the sheriff, and executed an instrument of writing binfling himself to relinquish to Barbee that part of the tract which had been previously conveyed to him by Dorsey, and to relinquish to Dorsey the residue of the tract, upon Dorsey’s paying the purchasé money and releasing Cock from all costs at any time before Dorsey was bound to pay the sheriff.; and upon the failure of Dorsey, if Barbee should comply he was to have the land. Cock accordingly purchased the land,' *46 and received from the sheriff a deed, and gave life obit-gation for the price at twelve months credit. The money not having been paid by Dorsey within the timo stipulated, Cock thereafter received the amount from Barbee, and executed a deed to him for the land.
To be relieved against this deed and redeem the land, Dorsey exhibited his bill in equity, in which, after setting forth the agreement and sale by the sheriff, he charges that before the twelve months elapsed, he offered to pay Cock the money, but that Cock refused to receive it; and that Barbee, with notice of this circumstance, received from Cock a deed, and alleges a combination between Cock and Barbee to defraud him out of his land, &c. . ■
The court below, on a hearing of the cause, being of opinion Dorsey had not manifested his right to relief, dismissed his bill. From this decree Dorsey has appealed to this court.
Whether the agreement upon which Dorsey goes for relief, should be considered a mortgage or conditional sale, as under the circumstances attending this casa , the result would be the same, we have not thought it necessary or material to determine. If it be construed in the most favorable light for the appellees, and considered a conditional sale, Dorsey, by paying the money at any time within twelve months from the date, would in equity have been entitled to a reconveyance; or if the money was not paid within that time, owing to the refusal of Cock to receive it, as between him and Dorsey, and all those claiming under him with notice, the same, consequence w ould follow.
That Barbee obtained a conveyance from Cock with full knowledge of the occurrences which had previously transpired between Dorsey and Cock, in relation to the, refusal of the latter to receive the money, we think from , the evidence in this cause there can be no doubt. Unless Barbee had this knowledge* it is difficult to assign, any satisfactory reason why he should have given a bond of indemnity to Cock upon receiving from him a title; besides, Barbee by taking from Cock an obligation for the land before the expiration of the time Dorsey was allowed to pay the money, seems to have evinced a design to preclude Dorsey from obtaining the. land. B arbee then in the present contest cannot occupy ¡ more favorable grounds than Cock, and the only mate- : *47 Inal inquiry that occurs in the determination of this Casé is, whether Dorsey has been prevented from paying the money within the stipulated time, under such circumstances as in equity entitles him to relief.
The evidence, it is true, does not prove a formal teirt der to Cock, by the actual production of the money, hut it is apparent Dorsey had the money at Command, and was prevented from paying it by the positive declarations of Cock that he would not receive it; and this we apprehend, for every equitable purpose, was all that should be required of Dorsey. The refusal, it is true, was made by Cock some two or three months before the expiration of the time Dorsey was allowed to pay the money ; but as by the terms of the agreement, Dorsey had a right to pay at any time within the twelve months, the offer of Dorsey to pay, and the refusal Of Cock to receive within that time, has the same operation and must.be attended with the same consequences as if the tender had been made on the last day upon which payment could have been made according to the terms of the agreement.
Wé are of opinion, therefore, that the decree of the court below is erroneous, andmust be reversed; the cause remanded to that court* and a decree there entered against Barbee to reconvey to Dorsey by special warranty deed, all that part of the tract to which he was entitled under the agreement with Cock, upon Dorsey’s paying the amount of the debt, interest and costs of the suit under which the land was sold. The appellant must recover his costs in this court.