*195 OPINION of the Court, by
Judge Owsxey.
Craig-miles pretending a right in equity to a tract of land under a parol contract made with Samuel Grant in his life time, to obtain a conveyance exhibited his bill in 1¿ie *196 late quarter session court for Scott county, against the heirs of Grant and Elijah Craig,in whom the legal title then was. The cause having come on to a filial hearing, that court, at the April term 1796. decreed Craig to convey the land to Craigmiles. Subsequent to this, in the month of June 1796, Craig executed a deed for the land to Craigmiles, without mentioning in the deed it was made in pursuance to the decree, but expressing it to have been executed in consideration of ten pounds, to him in hand paid, See.
A deed obtained by M, by virueoi a decree -jiter. wards reverted, will not be fitch a legal title as to enable rhe holder thereby to re but the claim of the com. plainaut, (seek, ing to be relio, red to the land and the legal title,) on the ground of a ver* bal contradi be. fore decided to be invalid, nor can Juch a deed fo obtained take the cafe out of the fta-tute of frauds and perjuries.
T, who obtained the legal title from M, wún notice of the claim of G, before the purchase money •was paid, cannot be protected as a bona fide purchaie.r with, out notice.
M, who is permitted to enjoy an eltate, and makes im. provements during his. occupancy, is in equity entitled to remuneration for the iA„ provements.
*196 Several years after the execution of this deed, Craig-miles sold the land to Thompson, and by deed bearing date the 25th of September 1806, conveyed the same to him. Subsequent to the making of the deed by Craig to Craigmiles, but whether before or after that from Craig-miles to Thompson, does not clearly appear, the heirs of Grant prosecuted a writ of error to the decree of the quarter session court made in favor of Craigmiles; and upon the cause being heard in this court, that decree was reversed, as well on the grounds that no sufficient contract was proven to have been made between Grant and Craigmiles, as on the grounds that the contract, if made, was by parol, and under the statute against frauds and perjuries could not be §pecifically executed.
Mason and wife then exhibited their bill in equity, in which they set fortli the preceding circumstances, and claim the land in the right of the wife as devisee under the will of Samuel Grant: and they farther charge that the deed from Craig to Craigmiles was made in pursuance to the decree of the court of quarter session, and for no other consideration ; and allege that Thompson purchased and obtained a title from Craigmiles with full knowledge of their claim ; and pray that lie may be compelled to convey the land and account for rents, Ac.
Thompson by bis answer admits Craigmiles pa-osecu-ted the suit against Craig and Grant’s heirs, and obtained a decree in the court of quarter session for a conveyance of the land devised by Samuel Grant to Mrs. Mason ; that Craig conveyed the land to Craigmiles, and that the decree has been since reversed by the decree of this court: but he denies the conveyance by Craig was made in virtue of the decree; alleges it was made for the consideration stated in the deed, and insists that Craig and Mason and wife are concluded by the deed from questioning the consideration j and also relies up *197 on his being a purchaser from Craigmiles for a valuable consideration without notice. He moreover contends that Craigmiles in equity was entitled to the land, and insists that equity will not divest him of his legai advantage.
And fo alfo is T, who pur* chafed of M, entitled to have his im* provements fee off againft the rents.
At what time the charge for rents fhail commence-. See Thomas vs» Thomas, \q 1, 219 — voi. 2, Patrick •verjus Marjball, 45— Winn's devjees •vs Redman, 84 —Allen verjus Sanders, 94— Hart vs. Bay■lor, Hard. 597.
On a hearing the court below decreed Thompson to convey the land by deed of special warranty; and also, after having an account taken of the rents and profits and improvements, &e. decreed Thompson should pay the balance which was found against him. From this decree both parties have appealed to this court.
As Mason and wife were complainants in the court below, it was incumbent on them, before they could obtain relief, to establish a clear equity existing in Samuel Grant, through whom they derive title, at the time of his decease.
Before we proceed to inquire into the equity of Samuel Grant, it may be proper, however, to dispose of an objection to Mason, Ac’s, right to relief, raised in argument, through the equity of Craigmiles, under a contract with Samuel Grant. It was. contended that although in consequence of the statute against frauds and perjuries, the contract between Craigmiles and Grant could not regularly he specifically decreed, yet that contract gave Craigmiles a moral right to have title ; and as Craig has conveyed the title, though it may have been made in pursuance to a decree since reversed, equity should not interpose to divest Thompson, w ho claims under him, of a legal advantage. How far the conclusion drawn in argument would follow, were the premises assumed admitted to be correct, need not, nor would we be understood as having decided: for as according to the opinion of this court in the case of Grant’s heirs and Craigmiles, (vol. 1, 203) the decree of the court of quarter session was reversed on the grounds in part that no contract was made by the ancestor of the former with the latter, that opinion was conclusive not only between the parties then before the court, but also against Thompson, who derives his claim through Craigmiles, as well to shew no such contract was made, as to prove that if made it could not, according to the provisions of the statute, be specifically enforced by the aid of a court of equity. Craigmiles, therefore, according to the former opinion of this court, can have acquired no right, either moral or equitable, under the pretended contract *198 with Grant; and consequently Thompson cannot be protected by any equity growing out of that transaction. The right of Grant, then, whatever it may be, was transferred by his will to Mrs. Mason; and whether it is of that nature which will authorise a decree for the land, forms the main subject of inquiry.
That Grant was equitably entitled to the land, does not admit of a doubt. The bill of Craigmiles formerly brought, was predicated upon the supposition of the existence of such a right; and Craig, in whom all admit the legal title to have been, and through whom both parties deduce their claim, by his answer to the bill of Craigmiles admits Grant’s right. In a contest between Craig and Grant, the admission of Craig in his answer would most clearly be sufficient evidence of Grant’s equity to authorise a decree in his favor: and as Thompson claims through Craig, according to the settled rules of evidence, those confessions with respect to an interest subsequently acquired, are competent evidence against him, and when taken in connection with other circumstances existing in this cause, conduce indisputably to prove Grant’s equity.
Assuming as .sufficiently established, Grant’s equity, and assuming also what is admitted by the answer of Thompson, that Grant devised that interest to the wife of Mason, it cannot be material to inquire whether the deed executed by Craig to Craigmiles was or was; not made in pursuance of the decree of the court of quarter session, in either point of view Thompson assumes precisely the same attitude with respect to the present contest. In either case Grant’s equity is prior, and although the proof is clear Craigmiles knew of the existence, of that equity, to overreach the legal title in Thompson, who is a purchaser for a valuable consideration, it is necessary he should have had notice also; and if he had notice, whether the deed was made by Craig in pursuance of the decree, or as is contended by Thompson, for the consideration often pounds paid by Craigmiles, in either case the equity of Grant, to which Mason and wife have shewn themselves entitled, must prevail. That Thompson had notice of the equity claimed by Mason and wife, we are of opinion the evidence satisfactorily proves. From the circumstances detailed by the witnesses, it is strongly to be inferred he had notice before he made the purchase from Craigmiles ; but indepen *199 dent of those circumstances, it is expressly proven he had notice before lie made payment of the consideration; and according to the well settled rules of chancery practice, notice either before the obtaining the title or before payment of the consideration, is sufficient for the purpose of overreaching the legal title in the hands of a purchaser, in favor of the prior equity.
Mason and wife having, therefore, shown themselves entitled to the prior equity, and having also shown that Thompson and all those through whom he claims had full knowledge of that equity, the court below properly decreed Thompson should surrender the title to the complainants in that court.
If we are correct in the view we have taken as to the rights of the parties, it necessarily results the decree, in taking an account of the rents, properly made them commence at the date Craigmiles obtained the possession of the land : for as Craigmiles must have had notice at that time of Grant’s right, according to well settled principles the charge for rentshould take date from that period.
With respect to the improvements for which Thompson should be compensated, we have had more difficulty. As it appears, however, that Craigmiles obtained the possession of, and continued to occupy the land by the assent of Grant in his lifetime, and that of his executors afterwards, though that possession was not connected With a valid claim in equity to the land, yet we suppose under such a state of case the representatives of Grant should not be permitted to obtain a recovery for the rent, without also accounting for the improvements made by Craigmiles, and that the coprt below correctly so determined.
With respect to the improvements made by Thompson, we are also of opinion the decree is correct: for although he had notice of the claim of the complainants in that court, yet as he purchased from Craigmiles, who at that time held the possession, and had obtained a decree of a court of competent jurisdiction for the land, he should surely have a credit in the charge of rents for such improvements as were made by him upon the land.
Upon the whole, we are of opinion the decree of the court below, both as to the right to the land and the rents and improvements, is.correct, and must be. affirmed with damages against Thompson upon the amount decreed against him in that court, and each party must pay their own costs in this court.