## O'Bryan, et al. v. O'Bryan, et al.

(Decided March 28, 1919.)

### Appeal from Bullitt Circuit Court.

1. Execution—Purchase of Land at Sheriff's Sale Under Execution—Liens—Title.—One in possession of land by its purchase at a sheriff's sale under an execution against the owner and a deed from the sheriff, will, prima facie, be entitled to it as against a lien asserted upon it by another by virtue of a mortgage on the land, made after the purchaser at the execution sale received his deed from the sheriff by one claiming to own it as a vendee of the execution debtor under a deed from the latter. But where it is made to appear that the land had, by a deed of record from the execution debtor, been conveyed the mortgagor before the judgment of the execution creditor against the execution debtor was obtained or before levy of the execution, although after the institution of the action, the mortgage lien asserted by the mortgagee would be superior to the title of the purchaser at the execution sale, unless, as here alleged by the latter, such deed and the mortgage thereafter executed were fraudulently made to defeat the debt of the execution creditor, of which there is no satisfactory proof in the record of this appeal.

2. Appeal and Error—Equitable Actions—Reversal.—Ordinarily an equitable action will, on appeal, be finally disposed of by the appellate court and, if the judgment is reversed, remanded with direction to the lower court to enter such final judgment as will conform to the opinion of the appellate court. But where, as here appears, the case was prematurely tried in the court below, with respect of which the parties were equally at fault, and on the appeal the confused state of the record renders it practically impossible for the appellate court to intelligently determine the rights of the parties, that court, to prevent injustice to any of them, will reverse the judgment and remand the case for the necessary preparation and another trial in the circuit court.

BEN CHAPEZE for appellants.

J. R. ZIMMERMAN for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Sustaining the appellants' petition for a rehearing, withdrawing former opinion and reversing judgment.

Feb. 4, 1919, an opinion was handed down in this case affirming the judgment appealed from. On March 3, 1919, appellants filed a petition asking a rehearing of their appeal, by which our attention has been called to certain errors appearing in the opinion, mainly as to dates, which from a further examination of the record we find it necessary to correct, and the correction of which will necessarily result in the reversal, instead of an affirmance, of the judgment of the circuit court.

The case was so poorly prepared for trial in the circuit court and the record filed on the appeal is so inadequate in its showing of the facts relating to the controversy between the parties, particularly as to the matter of dates material to a proper understanding of the case, that we have found it difficult to arrive at a satisfactory solution of the questions we are asked by the briefs of counsel to decide. The case seems to have been decided by the court below out of term time, for we find in the record an order showing that by agreement of counsel representing the respective litigants, the papers of the cause were to be sent to the judge of the Bullitt circuit court for its trial between terms elsewhere than at the county seat, with leave to the parties to take proof and file certain exhibits in the meantime. And, while it is reasonably apparent from the record that proof was taken, neither such proof nor the exhibits agreed to be filed appear in the record brought to this court.

Briefly stated, the facts out of which this litigation arose are as follows: One James C. O'Bryan died in 1909, intestate, survived by his wife, America J. O'Bryan, and three sons, J. E. O'Bryan, J. R. O'Bryan, and C. T. O'Bryan. The widow was appointed and duly qualified as administratrix of the decedent's estate under an order of the Bullitt county court, Bullitt being the county of the decedent's residence at the time of his death. The estate left by the decedent consisted of a farm and such personal property as is customarily owned by a farmer of moderate means, the real and personal property all being situated in Bullitt county.

Shortly after the death of the decedent his real estate was divided between his widow and three sons, the widow

being assigned dower in the whole and each of the sons allotted a small tract of the land not included in the dower assigned. Whether the partition was had in an action brought for that purpose or by agreement of the parties does not appear from the record before us, but it is admitted that it was consummated by the due execution of proper deeds of conveyance between them.

On March 5, 1910, C. T. O'Bryan and wife, by a deed acknowledged March 7, and duly recorded March 8, 1910, conveyed the twenty-nine acres of land allotted to him in the division of his father's real estate to one Herman Morris, who thereafter executed a mortgage on the land to the Masonic Relief Fund of Kentucky and W. E. Johnson, its treasurer, to secure a loan of $685.00, made him by the mortgagees at the time of the execution of the mortgage. The date of this mortgage seems to have been February 4, 1913, and it was recorded as of the same date. These dates appear in an obscure place in the record where they could not be expected to be discovered. Morris, the mortgagor, having failed to pay the mortgage debt at its maturity, suit was brought thereon in the Bullitt circuit court by the mortgagees, wherein judgment was duly rendered in their favor against the mortgagor for the amount of the mortgage debt, interest and cost; and also for the enforcement of the mortgage lien by a sale of the mortgage property or enough thereof to pay the debt, interest and cost; one J. F. Combs, master commissioner of the Bullitt circuit court, being directed to make the sale. Combs thereafter duly advertised the property for sale as directed by the judgment in question, but was prevented from selling it by a temporary injunction issued in the present action at the procurement of the appellants, James R. O'Bryan and wife.

The action of James R. O'Bryan and wife instituted January 29, 1914, in the Bullitt circuit court against J. E. O'Bryan, the appellee, Masonic Relief Fund of Kentucky, W. E. Johnson, its treasurer, J. F. Combs, master commissioner of the Bullitt circuit court, and Herman Morris. The petition sets up a claim of title to the twenty-nine acres of land in question in the appellants, James R. O'Bryan and wife, and alleges their possession of same, attacks the validity of the mortgage executed by Herman Morris to the Masonic Relief Fund and Johnson, treasurer; alleges the advertisement of the

sale of the land by Combs as commissioner under the judgment of the Bullitt circuit court enforcing the mortgage lien in favor of Masonic Relief Fund and John son, treasurer. The petition also set up the grounds necessary to obtain an injunction and prayed that appellant's title to the land be quieted, alleging in that connection that their title had been acquired through a deed from J. E. O'Bryan, who was called upon to assist them in defending and maintaining their title.

J. E. O'Bryan filed an answer to the petition admitting its averments and setting up the facts respecting appellant's title to the land, and his (J. E. O'Bryan's) former connection therewith, the facts alleged being, in substance, as follows: That among other assets belonging to the estate of James L. O'Bryan was a note of $615.55, owing by the decedent's son, C. T. O'Bryan, upon which he was sued by the administratrix July 15, 1909, in the Jefferson circuit court, common pleas branch, first division, C. T. O'Bryan then being a resident of Jefferson county. That the administratrix obtained personal judgment on this note against C. T. O'Bryan early in May, 1911, and on May 24, 1911, caused execution to be issued thereon which immediately went into the hands of the sheriff of Bullitt county, to whom it was directed, and the same was by him shortly thereafter (date not given) duly levied upon the twenty-nine acres of land in question as the property of C. T. O'Bryan and also upon the latter's undivided interest in the land that had been assigned to his mother as dower. After due advertisement the lands upon which the execution was levied, were sold July 10, 1911, at which sale J. E. O'Bryan became the purchaser, and the lands having brought at the sale sums exceeding two-thirds of their appraised value, respectively, the sheriff in February, 1912, executed a deed conveying them to the purchaser, J. E. O'Bryan, the deed being recorded Feb. 17, 1912. On May 28, 1912, the same lands were sold by J. E. O'Bryan to the appellants, J. R. O'Bryan and wife, and on that day by deed conveyed them, which deed was put to record January 3, 1912. The deed from the sheriff to J. E. O'Bryan and that from the latter to J. R. O'Bryan and wife show the nature of the title claimed by them to the land in controversy. It was also alleged in the answer of J. E. O'Bryan that the deed of March 5, 1910, from C. T. O'Bryan to Herman Morris was executed with

the intent on the part of the grantor and grantee to de-
fraud the former's creditors; that Herman Morris had
brought the suit mentioned for the administratrix of
James L. O'Bryan against C. T. O'Bryan and was acting
as the attorney of the former in that action at the time
of the execution of the deed to him from C. T. O'Bryan
and that he then well knew the insolvency of C. T.
O'Bryan and, by accepting from him the deed, attempted
to aid him in preventing the collection of the note upon
which his mother, the administratrix of James L.
O'Bryan, had sued him and that such conduct upon
the part of Morris was a fraud upon the administratrix
as his client. Furthermore, that by reason of such fraud
Morris obtained no title to the 29 acres of land in ques-
tion; that the mortgage he gave to the Masonic Relief
Fund and Johnson, its treasurer, was for that reason
invalid, and that the latter, in accepting the mortgage,
were not innocent purchasers or mortgagees in good
faith.

The answer was made a cross-petition against the
Masonic Relief Fund, Johnson, treasurer, Herman Mor-
ris and Combs, commissioner.

The Masonic Relief Fund, Johnson as treasurer, and
Combs, Commissioner, by their joint and several answers
to the petition of appellants and cross-petition of J. E.
O'Bryan, substantially traversed the material averments
of each of those pleadings and alleged ignorance on the
part of the mortgagees of the alleged fraud in the deed of
C. J. O'Bryan to Morris and their good faith in accept-
ing the mortgage. Later other pleadings, responsive
and by way of amendment, were filed by the parties,
but they will not be discussed as it is believed what has
been said of the original pleadings will serve to indicate
the issues between the parties. On the submission of the
case the court below rendered judgment dismissing the
petition of the appellants and cross-petition of J. E.
O'Brien, dissolving the injunction obtained by the
former, and directing the commissioner to execute the
judgment enforcing the mortgage lien in favor of Ma-
sonic Relief Fund and Johnson, treasurer, against
Herman Morris.

In the former opinion we affirmed the judgment of the
circuit court upon the assumption that the validity of the
mortgage from Morris to the Masonic Relief Fund and

Johnson, its treasurer, had not been successfully impeached, and although it was executed after the judgment against C. T. O'Bryan in favor of the administratrix was obtained, and after the execution issued thereon was levied on the land covered by the mortgage, also after the alleged levy on the land of an attachment claimed to have been issued by the procurement of the administratrix in her action against C. T. O'Bryan, as there was no sale of the property at all under the attachment, and none under the execution until after the execution of the mortgage, and the administratrix had not preserved her lien under either writ by recording in the proper office such a notice as is required by Ky. Stats., section 2358a, subsection 2, the lien given by the mortgage should prevail against the execution sale to J. E. O'Bryan and the title asserted by appellants under their deed from J. E. O'Bryan and the deed to the latter from the sheriff.

We find, however, that we were misled by the confused state of the record as to the date of the execution of the mortgage from Morris to the Masonic Relief Fund and Johnson. Instead of its having been made August 2, 1911, as stated in the former opinion, the mortgage was executed February 4, 1913, and recorded the same day, which was not only after the levy on the land of the execution issued on the judgment of the administratrix against C. T. O'Bryan, but after its purchase by J. E. O'Bryan at the sale under the execution, and also after the execution of the deed by the sheriff conveying him the land. So it would seem that when the mortgage in question was made, J. E. O'Bryan was in possession of the land under a deed from the sheriff then of record, which would make the title of appellants, derived through the deed made them by J. E. O'Bryan, superior to the mortgage lien of the appellees, Masonic Relief Fund and Johnson, treasurer. This would not be true, however, if it should be determined that the deed from C. T. O'Bryan to Herman Morris is a valid instrument, which is a question the circuit court does not seem to have passed on and, in fact, could not have intelligently decided on the record before it. It should be kept in mind that the deed from C. T. O'Bryan to Morris was made March 5, 1910, and put to record March 8, 1910. The action of the administratrix against C. T. O'Bryan was then pending, but the judgment in her favor was not rendered until some time

in May, 1911, more than a year after the execution of the deed from C. T. O'Bryan to Herman Morris. If, therefore, this deed was valid when made, it was still valid when Morris executed the mortgage to the Masonic Relief Fund and Johnson, treasurer; therefore, the mortgage lien of the latter, in that event, would be superior to the title asserted by appellants under the execution sale, sheriff's deed and deed of J. E. O'Bryan.

There appears in the record no evidence assailing this deed, and in view of the charge of fraud in its execution contained in the answer and cross-petition of J. E. O'Bryan it was incumbent on him and the appellants to prove the charge. We have already intimated that the circuit court could not, upon the record before it, well have passed on the only vital question in this case, namely, the validity of the deed from C. T. O'Bryan to Herman Morris, both of whom are charged with the alleged fraud in the instrument and the latter of whom is charged with the alleged fraud in the mortgage to the Masonic Relief Fund and Johnson, when neither the vendor nor vendee had been brought before the court. In fact C. T. O'Bryan was not made a party to the action and Morris, though made a defendant, was never served with summons, or other process. The latter are necessary parties to the action and to be bound by the judgment determining any rights they have or may have had under the deed or mortgage it was necessary that they be brought before the court. In view of this situation and of the fact that there was no proof in support of the attack upon the deed or mortgage it seems to us that the case was prematurely tried.

We have not overlooked the vigorous assault made by the brief of appellants' counsel upon the answers of the appellees to the petition of appellants and cross-petition of J. E. O'Bryan, but we cannot agree with him that they are insufficient to form an issue of fact upon the questions of fraud alleged in the petition and cross-petition. The answers are awkwardly drafted and their meaning, in some respects, obscurely expressed, but our careful examination of them convinces us that, considered as a whole, they do, either by way of specific denials or affirmative pleas, sufficiently put in issue all the affirmative matter of the petition and cross-petition.

As the judgment must be reversed, upon the return of the case to the circuit court the parties should be per-

mitted, if they so desire, to take proof on the questions of fraud raised by the pleadings.

For the reasons indicated the petition for rehearing is granted; the former opinion is withdrawn; this opinion substituted for it, and the judgment reversed for such further proceedings in the court below as may be consistent with the present opinion.