## Rader, et al. v. Shaffer.

(Decided February 6, 1920.)

### Appeal from Jackson Circuit Court.

1. Vendor and Purchaser—Lease—Bona Fide Purchaser—Statutes.— Under section 494, Kentucky Statutes, an oil and gas lease for a longer time than five years is not good against a purchaser for a valuable consideration without notice thereof, unless acknowledged or proved and lodged for record in the proper office.

2. Vendor and Purchaser—Bona Fide Purchaser.—A purchaser of property takes it subject to a prior equity if he acquires notice thereof at any time before payment of the consideration.

3. Vendor and Purchaser—Bona Fide Purchaser—Lessee.—Where the consideration for an oil and gas lease was $1.00, the payment of $200.00 to perfect the lessor's title, and a certain royalty on the oil and gas, the lessee, who at the time of acquiring notice of a prior lease had not paid the $200.00, or begun development, or expended any money for that purpose, but had paid only $1.00, even though a purchaser within the meaning of section 494, Kentucky Statutes, a question not decided, was not a purchaser for a valuable consideration.

J. R. LLEWELLYN for appellants.

C. C. WILLIAMS for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On July 1, 1916, Richard Rader and wife executed and delivered to T. G. Gay, T. J. Scrivner and Earl Scrivner an oil and gas lease, by which they granted, demised and let unto the lessees all of the oil and gas in and under a certain described tract of land, with the usual surface privileges. The term of the lease was five years and as much longer thereafter as oil and gas were found on the land. The consideration was one dollar, one-eighth of

the oil and one hundred dollars for the produce of each gas well. The lessees were to drill a well upon the premises within one year, or thereafter pay quarterly in advance an annual rental of ten cents per acre until a well was drilled. The lease was not recorded until January 27, 1917.

On November 27, 1916, Richard Rader and wife executed and delivered a second lease on the same property to H. S. Shaffer. The term of the lease was ten years, and as long thereafter as oil and gas, or either of them, were produced from the land. The consideration was one dollar, cash in hand paid, a royalty of one-sixteenth of the oil, one hundred dollars each year for the gas produced from each gas well and ten dollars per year for the gas produced from any oil well during the time the gas should be used. It further appears from parol evidence that the lessee agreed to pay Rader the sum of two hundred dollars for the purpose of perfecting his title. If no well was completed on or before November 27, 1917, the lease should terminate unless the lessee paid the sum of $12.50, which should operate as a rental, and the privilege of deferring the completion of the well for six months. This lease was recorded on January 25, 1917.

On January 22, 1917, Richard Rader and wife executed and delivered a third oil and gas lease on the same property to Arthur Murphey, William Johnson and Bert Richardson, upon substantially the same terms as the lease to Gay and others. This lease was ordered of record on February 19, 1917.

On June 11, 1917, Gay and the Scrivners assigned and transferred their lease to V. M. Gaines, A. J. G. Wells, Clyde Gaines, H. E. Hay and A. E. Perry, and on the same day, Murphey, Johnson and Richardson assigned their lease to the same parties. The consideration for each assignment was $500.00 cash and other good and valuable considerations.

H. S. Shaffer brought this suit against Richard Rader and others to cancel the lease of July 1, 1916, to Gay and the Scrivners, and also the lease of January 22, 1917, to Murphey and others, and to have his lease adjudged the superior lease on the property. Subsequently, V. M. Gaines, A. J. G. Wells, Clyde Gaines, H. E. Hay and A. E. Perry, the assignees of the Gay lease and the Murphey lease, were made parties defendant, and the same relief

asked against them. It was contended by plaintiff that he was a *bona fide* purchaser for value without notice of the prior lease, while the defendants denied his contention and also pleaded that Rader did not have sufficient mental capacity to execute the lease to plaintiff. On final hearing, plaintiff's contention was sustained and he was granted the relief prayed for. The defendants appeal.

Section 494, Kentucky Statutes, is as follows:

"No deed conveying any title to or interest in land, or lease of oil, gas, coal or mineral right and privilege, for a longer time than five years, nor any agreement in consideration of marriage, shall be good against a purchaser for a valuable consideration, not having had notice thereof, or any creditor, unless the same be acknowledged by the party who shall execute the same, or be proved and lodged for record in the proper office, as prescribed by law, and the provisions of this section shall apply with like protection to the creditor of, or innocent purchaser from, the heir or devisee of the grantor."

The first oil and gas lease which was executed to Gay and others was for a longer time than five years, and therefore falls within the statute. It was not recorded until after plaintiff acquired his lease. We see no reason to disturb the finding of the chancellor that plaintiff acquired his lease without notice of the prior lease, and that Rader was not shown to be mentally incapable of executing the lease to plaintiff.

In view of the conclusion of the court we deem it unnecessary to determine whether a lessee, such as plaintiff, may be regarded as a purchaser within the meaning of the statute. To bring a case within the rule which affords protection to a *bona fide* purchaser without notice, the purchase money must in fact have been paid before notice. Hence, the purchaser of property takes it subject to a prior equity if he acquires notice thereof at any time before payment of the consideration. Winlock v. Munday, 156 Ky. 306, 162 S. W. 76; Smith v. Orton, 70 U. S. —, 18 L. Ed. 62. Here the consideration was one dollar cash, a certain royalty and an agreement to pay $200.00 to the lessor to clear his title. It may be conceded that this consideration is sufficient, Armitage v. Mt. Sterling Oil & Gas Co., 25 Ky. Law Rep. 2262, 80 S. W. 177; Gas Co. v. Eckert, 70 Ohio St. 127, but the sufficiency of the consideration is not controlling. The ques-

tion is, was the consideration paid when plaintiff acquired notice of the prior lease? It does not appear that prior to that time he had paid the $200.00, or begun to develop the property, or incurred any expenses, for that purpose, but had merely paid the sum of one dollar. In other words, he had paid only the nominal consideration and had not paid any portion of the real consideration for the lease. Under these circumstances it cannot be said that he had paid the consideration before he had learned of the existence of the prior lease, even though it be conceded that he was a purchaser within the meaning of the statute. Not having brought himself within the statute, it follows that the first lease is superior to plaintiff's lease, and plaintiff should have been denied the relief prayed for.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.