## Whittaker v. Farmers' National Bank of Somerset.

(Decided February 24, 1931.)

WALTER N. FLIPPIN for appellant.

W. B. MORROW for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—
Reversing.

Appellee filed this action in the Pulaski circuit court against J. N. Mayfield and Mary H. Mayfield, his wife, wherein it alleged that they executed and delivered to it on the 12th day of January, 1928, their promissory note, which was a renewal of a note executed and delivered by them to it on September 22, 1923, whereby they agreed to pay to it three months thereafter $2,000, with interest. It alleged that, to secure their note, they executed and delivered to it a mortgage on certain real estate situated in Pulaski county. It prayed judgment for its debt and enforcement of its lien, and a sale of the real estate to satisfy its debt.

The appellant filed a petition asking to be made a party defendant, and that it be taken as his answer and counterclaim against the appellee. Therein he alleged that on the 5th day of November, 1918, Mayfield and wife executed and delivered to him a deed, which he accepted, conveying to him a certain twenty acres of the land described in the petition, and on which the appellee sought to enforce its lien; "that he is now and has been ever since said conveyance of the legal title to him of said tract of land, and during all of said time and at the time of the execution of the mortgage set out in plaintiff's petition, in the actual, adverse, open and notorious possession of the whole of said tract of land." An order was entered permitting him to become a party defendant. His petition was taken as his answer. The appellee filed a general demurrer thereto, which the court sustained. The appellant declined to plead further, and elected to stand by his answer. Thereupon the same was dismissed, to which he excepted and prayed an appeal.

The appellant's deed was not recorded until the 25th day of June, 1927, about four years after the mortgage of appellee was executed, delivered, and duly recorded. The appellant insists that the mortgage of the appellee, which covers the twenty acres embraced in his deed, is within the statute against champerty and maintenance.

The appellee insists that a mortgage is not a conveyance within the purview of the statute against champerty and maintenance, and, for this reason, the demurrer to the answer was properly sustained. The appellant relies particularly upon the case of Redman v. Sanders, 32 Ky. (2 Dana) 68. In that case the court held that a conveyance by mortgage passed legal title to the mortgagee, and that it was a conveyance of land within the champerty Act of 1824. The present champerty statute is different in phraseology from that referred to in the case supra. We have often held that a mortgage is a mere security for debt, and, substantially both at law and in equity, the mortgagor is the real owner of the property mortgaged. Woolley v. Holt, 77 Ky. (14 Bush.) 788; Mayfield etc., v. Wright, Trustee, 107 Ky. 533, 54 S. W. 864, 21 Ky. Law Rep. 1255; Taliaferro v. Gay, 78 Ky. 498; L. & N. R. R. Co. v. Eakins, 100 Ky. 745, 39 S. W. 416, 19 Ky. Law Rep. 54; Board of Council of Frankfort v. Fidelity Trust & S——— V——— Co., 111 Ky. 667, 64 S. W. 470, 23 Ky. Law Rep. 908.

It is not necessary to a correct determination of this case to pass on the applicability of the statute of champerty and maintenance, or to decide whether the appellant or the appellee is correct in his or its respective contention as to this statute.

The appellee urges that appellant fails to, and does not, allege that he is the owner of the twenty acres; that he fails to plead that he is claiming it adversely or at all, but merely pleads that he is in possession of it. The above excerpt from the appellant's pleading evinces its error in this regard. He alleges that he has title to the twenty acres, describes his source of title, and the character of his possession of it. Whilst he fails formally to allege that he is the owner of the land, the facts stated make him the owner of it, and it was unnecessary by allegations formally to state that he was the owner thereof. Newman on Pleading & Practice (3d Ed.) sec. 231, p. 235. The averment that "he is now and has been ever since the date of his deed . . . in the actual, adverse, open and notorious possession of the tract of land therein described" is descriptive of the character of his possession. If he was in such possession, it was certainly exclusive and visible to the appellee at the time it accepted its mortgage. Keaton v. Sublett, 109 Ky. 106, 58 S. W. 528, 22 Ky. Law Rep. 631; Stone v. Keith, 218 Ky. 11, 290 S. W. 1042.

It is a doctrine of equity that a purchaser of land who acquires an interest therein, or a mortgagee who accepts a mortgage thereon, with notice, actual or constructive, of an adverse claim of a third person under prior contract of conveyance or of an equity, takes the land subject to such claim or equity. Asher v. Roberts, 206 Ky. 186, 266 S. W. 1089; Pugh v. Bell, 18 Ky. (2 T. B. Mon.) 125, 15 Am. Dec. 142; Talbott's Ex'rs v. Bell's Heirs, 44 Ky. (5 B. Mon.) 320, 43 Am. Dec. 126; Winlock v. Munday, 156 Ky. 806, 162 S. W. 76; Speiss v. Martin, 192 Ky. 211, 232 S. W. 615; Thomas, Executrix, v. Haly Coal Co., 189 Ky. 698, 225 S. W. 1053. The character of possession alleged in the pleading which must be admitted as true on demurrer was sufficient to put all persons dealing with the title to the twenty acres on inquiry. Powell's Trustee v. Powell, 232 Ky. 27, 22 S. W. (2d) 293; Horseshoe Coal Co. v. Fields, 207 Ky. 172. 268 S. W. 1078; Marceiliac v. Stevens, 206 Ky. 383, 267 S. W. 229; Smith v. City of Kuttawa, 222 Ky. 569, 1 S. W. (2d) 579.

We have often held that actual, open possession of real estate was notice to the purchaser of all titles or claims, legal or equitable, which such person in such possession has or may set up to the property. Owings v. Myers, 3 Bibb, 278; Arterburn v. Gwathmey, 6 Ky. (3 Bibb) 312; Dorsey v. Cock and Barbee. 4 Bibb, 45; Thompson v. Mason, 4 Bibb, 196; Everidge v. Martin, 164 Ky. 497, 175 S. W. 1004; Stone v. Keith, 218 Ky. 11, 290 S. W. 1042; Powell's Trustee v. Powell, 232 Ky. 27, 22 S. W. (2d) 293; O'Bryan v. O'Bryan, 183 Ky. 766, 211 S. W. 753.

The same rule applies to a mortgagee or other lienholder. The actual, open possession of the appellant of the twenty acres at the time the appellee's mortgage was executed and delivered to, and accepted by it, was sufficient to put it on inquiry, which when followed up would have disclosed to it the adverse title and claim of appellant. Allen v. Ligon, 175 Ky. 772, 194 S. W. 1050; May v. C. & O. R. R. Co., 184 Ky. 493, 212 S. W. 131. This is true even if the record title of the mortgagor appeared to be complete of record. Ky. River Coal Corp. v. Sumner, 195 Ky. 119, 241 S. W. 820; Bonds & Co. v. Ford, 175 Ky. 827, 195 S. W. 124.

In Martin v. Hill, 100 S. W. 343, 30 Ky. Law Rep. 1110, a deed from Wyatt Martin to Silas Martin and John Cox was not recorded when the mortgage to Hill

was made, but Cox was then living on the land and claiming it under a deed. We held this actual possession of the land was sufficient to put Hill on notice of facts equivalent to full notice of all the facts that inquiry, when followed up, would have disclosed, relative to his deed and possession thereunder. Brandies Machinery & Supply Co. v. Financing Company, 228 Ky. 506, 15 S. W. (2d) 502; Warden v. Addington, 131 Ky. 296, 115 S. W. 241; Mitchell v. First National Bank of Hopkinsville, 203 Ky. 770, 263 S. W. 15.

The appellee having accepted its mortgage covering the twenty acres of land, which, according to the allegations of his pleading, was at the time "in the actual, open, adverse and notorious possession" of appellant, its mortgage is subject to his rights.

Wherefore the judgment is reversed and cause remanded for proceedings consistent with this opinion.