## Harper v. Davis et al.

June 8, 1943.

Webb & Webb and Flavius B. Martin and D. L. McNeill and E. J. Stahr for appellant.

J. E. Warren and W. C. Tipton and C. K. Davis for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action was instituted by the appellant, John W. Harper, in March, 1941, to get possession of a piece of property which was held by Mrs. Thelma Gilliam, and to recover certain rents from her. The appeal is from a judgment denying the relief sought. This controversy grows out of certain transactions and proceedings which will be reviewed hereinafter.

In 1932, Mrs. Gilliam owned a tract of land, consisting of some 60 acres, in Fulton County. In that year the county attorney instituted an action against her to recover certain delinquent taxes. The appellee, C. K. Davis, intervened and asserted certain liens against the land. That action was stricken from the docket in 1934. It was reinstated in 1936 without notice to Mrs. Gilliam. In January, 1937, Davis took judgment against Mrs. Gilliam and the property was ordered sold to satisfy his claims. Because of lack of notice, and possibly other irregularities in the proceedings, Mrs. Gilliam protested the sale. She and Davis entered into an agreement whereby the judgment was to stand and he was to bid in the property. Mrs. Gilliam was to be permitted to repurchase the land, provided she paid certain specified rents. The record shows Mrs. Gilliam remained in possession of the land, and there is evidence showing she paid the agreed rents. During the latter part of 1937 Davis signed a writing, the effect of which was to authorize Mrs. Gilliam to apply for a loan of $2,000 upon the "Thelma Gilliam farm" to be secured by a first mortgage; and it recited further, "* * * I agree to take a second mortgage thereon to secure the balance due me. This will not affect an option agreement heretofore made between Mrs. Thelma Gilliam and myself." In the fall of 1939, Davis agreed to convey John W. Harper the land under a general warranty deed for $3,500. Harper made a down payment of $500. Early in February, Davis executed a deed to Harper. Harper made a second payment of $500 and executed two $500 notes and agreed to assume a $1,500 loan which Davis had procured against the land. Mrs. Gilliam refused to surrender possession and Harper instituted a forcible detainer action against her.

Upon her being found guilty in the county court she traversed the judgment and the record was filed in the circuit court, but no further action seems to have been taken in that proceeding. During the latter part of February, Mrs. Gilliam instituted an action against Harper and Davis in which she set up she was the owner of the property. She set forth in her petition that Davis held the property in trust for her because of the agreement made between them before the property was sold in 1937. She alleged also that Harper purchased the property with full knowledge of the agreement and arrangement existing between her and Davis. Harper and Davis filed a joint answer in that action. Further pleadings were filed and the issues were made up at the May, 1940, term, but no further proceedings were had in that action. At the May term Mrs. Gilliam entered a motion to reinstate on the docket the Commonwealth's tax case against her, and also a motion to set aside the judgment which was entered in that action in 1937. She asked that the judgment be set aside because of certain irregularities. Davis resisted her motion upon the grounds that Mrs. Gilliam had agreed to the judgment and the execution of the $1,500 mortgage; she had recognized him as her landlord; and certain Agricultural Adjustment Administration payments had been made to him. In September, 1940, the court sustained Mrs. Gilliam's motion and set aside the judgment of 1937 and the commissioner's deed under which Davis took title to the property. Davis was granted an appeal from this ruling, but it was never perfected. Without waiving his rights in the action Davis filed an amended petition setting out the indebtedness due him, the payments made thereon and the amount then owing. At the end of the January, 1941, term Davis and Mrs. Gilliam agreed upon a judgment under which he was to take judgment against her for $2,100 with a lien against the real estate, and she was to assume the $1,500 loan. Harper was not a party to any of the proceedings had in the tax action, but he was present in court when some of them were under consideration and the same attorneys were representing him and Davis in the actions in which they were both parties. Shortly after the entry of the agreed judgment just mentioned Harper instituted this action, wherein he set up his claim to the property by virtue of the deed given him by Davis in February, 1940. Mrs. Gilliam answered, denying that Harper held title to the land and setting up her claim

to it. Davis filed a separate answer in which he admitted the execution of the deed to Harper and, relying upon the proceedings in the tax action, he asserted his only liability was to return to him the part of the consideration which he had paid on the property. Mrs. Gilliam filed an amended answer in which she set forth she was in the adverse possession of the property at the time of the conveyance from Davis to Harper, and therefore the deed was champertous. The affirmative allegations in the answers of Mrs. Gilliam and Davis were controverted of record. The three parties in interest testified in the case and various parts of the records in the aforementioned proceedings were offered in evidence. As heretofore indicated, the judgment in the action was adverse to Harper.

We believe that ruling to be correct. Harper insists the judgment of 1937 under which Davis took title to the property was valid, and he is not bound by the proceedings under which it was set aside because he was neither a party nor a privy thereto; he is not bound by the judgment setting aside the judgment of 1937; and the deed from Davis to him was not champertous. We deem it unnecessary to enter upon a discussion of those questions, since we are convinced beyond doubt that Harper was not an innocent purchaser. He had purchased a part of the Gilliam tract sometime around 1930, and there were several discussions between him and Davis about the farm between 1936 and the time he contracted to buy it in the fall of 1939. Harper was reluctant to say whether or not he was the one who initiated those discussions, but Davis said unequivocally that Harper approached him about buying the land. That Mrs. Gilliam had an equity in the farm is beyond question. Her testimony, the records and the testimony of Davis support that conclusion. After Davis took title to the property he authorized her to secure a loan on it and it was with her consent the $1,500 loan was secured. She paid the agreed rents and apparently did everything in her power to fulfill her agreement to repurchase. Harper admitted Davis told him in the fall of 1939 that he would have to see Mrs. Gilliam, but he said he did not know for what reason. On the other hand, Davis said he told Harper in the fall of 1939 that Mrs. Gilliam had a claim on the land which would possibly prevent him from executing a deed to Harper, or being able to sell the land to him. Even Harper admitted that Davis told

him in January, 1940 (shortly before the execution of the deed to him), Mrs. Gilliam had a claim on the land, and he would have to see her and straighten it out before he could sell it. We think the evidence and the transactions heretofore reviewed show conclusively that Harper knew Mrs. Gilliam had an interest in the property. Therefore, he was not an innocent purchaser. Whitaker v. Farmers' Nat. Bank of Somerset, 237 Ky. 596, 36 S. W. (2d) 18; Horseshoe Coal Co. v. Fields, 207 Ky. 172, 268 S. W. 1078; Kentucky River Coal Corporation v. Sumner, 195 Ky. 119, 241 S. W. 820; Rader v. Shaffer, 186 Ky. 802, 218 S. W. 292.

Such rights as Harper may have against Davis need not concern us, since that question is not involved in this proceeding.

Judgment affirmed.