## Hollon et al. v. Wolfe County Board Of Education.

June 4, 1948.

E. E. Bach and Leebern Allen for appellants.

J. Douglas Graham for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Wolfe County has in it a rural public school district known as Baileyfield District. For many years there has been maintained a public school therein on a lot consisting of an acre, or slightly more, carved out of a tract of land containing 70 acres, once owned by Ben Dunn. He died survived by his widow, Esther Dunn, who later married William Dunn. They, on March 2, 1928, conveyed to William J. Dunn her interest in the 70-acre tract which, as recited, was a life interest. In the year 1934 a cyclone blew down the school house in which a school had been maintained for many years. Also prior thereto the public road running in front of the school house was relocated on the same tract, and in order for the school house to be located fronting on the new road—which was higher ground than the old site—William J. Dunn and wife, Cora, on November 1, 1935—after the new school house was erected, pursuant to a prior oral agreement—executed an absolute and general warranty deed to the County Board of Education for the newly acquired lot "for and in consideration of the sum of $75 cash and the old school house lot." That deed was not recorded until January 18, 1947.

Gladys Dunn and Marie Dunn, who were the sole owners of the 70-acre tract of land, conveyed it to the same William J. Dunn, on June 8, 1937, who had acquired the life interest of Esther Dunn as above recited, he thereby acquiring the absolute title to the entire tract.

On February 1, 1941, William J. Dunn and wife, Cora, executed a deed for the entire 70-acre tract, including the newly acquired school lot without excluding it, to appellants, who lived and resided in the same neighborhood and had done so all their lives. The new school lot and school buildings erected thereon had been used for school purposes by the County Board of Edu-

cation, claiming and asserting perfect title thereto from the time the old school lot was exchanged for the new one. Also, after that change of location William J. Dunn took charge of the old lot and appellants did likewise following the obtention of the title from William J. Dunn.

On July 24, 1946, appellants filed this action in the Wolfe circuit court against the County Board of Education to eject the latter from the present school lot, and to recover $1,000 as alleged damages for alleged wrongful occupancy of it since the new buildings were erected. They bottomed their right of recovery on the ground that William J. Dunn when he executed his deed to the Board for the lot in 1935 did not own the fee simple title and could not, and did not, transfer a fee title to the Board at the time he executed his deed to it. Consequently, as plaintiffs claimed, the Board did not obtain under that deed a fee simple title to the lot as required by section 162.010 of KRS.

In making such claims appellants overlook and entirely ignore two fundamental principles in the law; (1) that a subsequently acquired title by the grantor of land under warranty deed inures to the benefit of the grantee, and (2) an actual adverse, open and notorious possession of land is sufficient to put persons dealing with title on inquiry of occupant's claim.

Authorities for the first principle will be found listed in Key 37 under the heading of Estoppel in Vol. 8 of Ky. Digest and the Supplement thereto. Three of the latest cases (there being none to the contrary) are Ratcliff's Gdn. v. Ratcliff, 242 Ky. 419, 46 S. W. 2d 504; Van Hoose v. Fitzpatrick, etc., 248 Ky. 335, 58 S. W. 2d 587, and Smith v. Combs, 303 Ky. 295, 197 S. W. 2d 430. Therefore, when William J. Dunn obtained absolute title to the 70-acre tract of land, his defective title theretofore held by him became perfected and it inured to the benefit of the County Board of Education of Wolfe County and perfecting the title in the Board as required by the section of the statute supra. He thereby became estopped to say that when he executed his 1935 deed to the Board he did not own the absolute title, although the language of his deed did convey one to the defendant.

In support of the second principle numerous domestic cases are listed in Key 232(2) under the heading Vendor and Purchaser in Vol. 18 of the Kentucky Digest and Supplement thereto with none to the contrary. Two of the latest cases as contained in the Supplement to that Volume are: Whittaker v. Farmers' National Bank of Somerset, 237 Ky. 596, 36 S. W. 2d 18, and Leslie v. First Huntington National Bank, 301 Ky. 145, 191 S. W. 2d 204. Both of those principles were relied on by the defendants in its answer and amended answer with an additional plea of champerty which latter under the facts of the case was and is clearly available. Plaintiffs demurred thereto, but not until proof was taken on the merits which developed no fact preventing the application of either of them. The court overruled the demurrer of plaintiffs herein and they, declining to plead further, the court dismissed their petition, from which they prosecute this appeal.

Plaintiffs claim that they had no notice of William J. Dunn's deed to the Board of Education since that deed was not on record at the time they received their deed from the same vendor. However, they did know that the lot and the school buildings thereon were occupied by the school Board and they were required to ascertain under what sort of title its possession was held, which would have revealed to them that it was under a claim of absolute title which became perfected as such when William J. Dunn obtained his deed from Gladys Dunn and Marie Dunn in 1937.

Furthermore, the estoppel against William J. Dunn, the common vendor of each of the parties litigant, likewise estopped his privies in title, provided they were not bona fide purchasers. See Piney Oil & Gas Co. v. Scott, 258 Ky. 51, 79 S. W. 2d 394.

The 1935 deed from William J. Dunn to appellants conveyed to them only the remainder interest after the life estate of both vendors therein, and the entire consideration was for love and affection, whereby plaintiff parted with no valuable consideration therefor. There can be no question therefore, but that the judgment of the court was correct.

Rule 1.100 of this court requires records, if type-

written, to "be written with a black record ribbon which is not worn or faded," etc. Rule 1.170 says:

"The index to the pleadings, orders, judgment and instructions must come first, followed by an index showing the name of each witness and the page on which his testimony begins. The index shall also show the page on which the instructions and all deeds, contracts and other exhibits may be found; and each deed, contract or other exhibit shall be indicated in the index, by the names of the grantor and grantee, or by some other brief description, sufficient to show what the paper is."

Neither of those rules was observed by the Clerk of the Wolfe circuit court in preparing this record. Some of the pages of the record as copied are so dim and faded as to be almost illegible, whilst some of the exhibits and all of the depositions composing a part of the record are merely indexed as "Exhibit A, Etc.," and the depositions indexed as "Depositions for Appellant" or "Depositions for Appellee," without showing the names of the witnesses who testified in behalf of either litigant, or the pages where their testimony begins. Such nonobservance of the rules creates confusion and loss of time by this court in becoming acquainted with the facts of the case. For such failures of the Clerk in preparing this record there will be deducted from his costs ten dollars.

Wherefore, for the reasons stated, the judgment is affirmed.