## Rouse, et al. v. The Craig Realty Company

(Decided June 10, 1924.)

### Appeal from Kenton Circuit Court.

1. Appeal and Error—Order of Revival Unnecessary Year After Rendition of Judgment and Death.—An order of revival is unnecessary, where an appeal is filed by heirs and administrator over year after rendition of judgment and more than one year after death of defendant, under Civil Code of Practice, section 734.

2. Appeal and Error—Appeal May be Taken from Default Judgment. —Court of Appeals has jurisdiction of an appeal from a default judgment.

3. Appeal and Error—Question Considered on Appeal from Default Judgment.—On appeal from default judgment only question to be considered is as to sufficiency of pleadings to uphold judgment.

4. Vendor and Purchaser—Recording Statute Held for Protection of Subsequent Purchasers.—Ky. Stats., section 496, is for protection of subsequent purchasers, and, where first purchaser fails to re-

cord his deed, a subsequent innocent purchaser without notice will not be affected by subsequent recording of first deed, even though prior in point of time.

5. Vendor and Purchaser—Conveyance to Subsequent Purchaser Relates Back to Time of Purchase, where First Deed Not Recorded.— Conveyance to subsequent innocent purchaser relates back to time of purchase, and title must in law be regarded as having then and as of that date passed to and vested in purchaser, where first purchaser did not record his deed, as required by Ky. Stats., section 496.

6. Vendor and Purchaser—Purchase Money Paid Subsequent to Receiving Notice of Prior Conveyance Not Protected by Statute as to Recording.—One, purchasing subsequent to conveyance to another who has not recorded his deed under Ky. Stats., section 496, is not a bona fide purchaser as to purchase money paid subsequent to receiving notice of prior conveyance.

7. Vendor and Purchaser—Incumbent on Second Purchaser to Show Bona Fides of Transaction—Bona Fides to be Pleaded and Proved by Purchaser.—It is incumbent on one purchasing land after prior conveyance to another who did not record his deed under Ky. Stats., section 496, to show bona fides of his transaction, and, if first purchaser is plaintiff in action, he does not have to anticipate question of notice, as it is a matter of defense to be pleaded and proved by defendant.

8. Vendor and Purchaser—Recording Statute Held Applicable to Transfers in Judicial Proceeding.—Ky. Stats., section 496, rendering unrecorded deed ineffective as against subsequent bona fide purchaser without notice applies, though one of transfers is through judicial proceedings, such as a proceeding to enforce statutory lien for improvements.        /

MARTIN M. DURRETT and FREDERICK W. SCHMITZ for appellants.

BARBOUR & BASSMAN for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

This is an appeal from a default judgment rendered in the Kenton circuit court in favor of the Craig Realty Company against Eric J. Rouse.

The petition substantially alleged that by virtue of an improvement ordinance passed by the board of commissioners of the city of Covington in 1917, Edward J. McKenna received a contract and constructed a stoneware pipe sewer under Alexander avenue in that city, adjacent to certain lots therein described, of which M. B.

Rouse was the owner of record. That on the 20th of June, 1918, McKenna filed a petition in equity against M. B. Rouse and Satira, his wife, to recover the assessment apportioned against said lots and to enforce the statutory lien thereon, all necessary steps being regularly taken.

A decree was rendered, and pursuant thereto a sale of the lots was had on the 17th day of December, 1918, at which the plaintiff, Craig Realty Company, became the purchaser and paid the purchase price, and that on the 3rd day of January, 1920, the master commissioner executed to it a deed conveying to it the interest of M. B. Rouse and his wife, Satira, and on the same day the deed was lodged for record.

It further alleges that on the 15th of January, 1915, M. B. Rouse and Satira, his wife, executed and delivered to Eric J. Rouse a deed conveying the title in the lots to him, but that deed was not recorded until January 2, 1920, and not until after the improvements were authorized, made and completed, and not until after all of the steps above mentioned had been taken, and not until after the plaintiff had paid in full the purchase price. It further alleged that the plaintiff was in possession, and closed with a prayer to quiet his title.

The defendant was duly summoned, and failing to answer, default judgment was rendered, quieting plaintiff's title to the lots and adjudging that Eric J. Rouse had no interest, right or claim in or to them. Naturally from the default judgment there was no exception taken or appeal granted.

This appeal is on the part of the heirs at law and administrator of the estate of Eric J. Rouse, and a motion is made to dismiss for lack of an order of revivor. However, the appeal was filed over a year after the rendition of the judgment and more than one year after the death of Eric J. Rouse, and under the circumstances a formal order of revivor in this court was unnecessary. Civil Code, section 734; McGee &c. v. Frazier's Exors., 21 Rep. 254; Hopkins, &c. v. Hopkins, 91 Ky. 310; McCannon, &c. v. Boyd's Exor., 131 K. 433. Also this court has jurisdiction of an appeal from a default judgment. City of Louisville v. Hexagon Tile Walk Co., 103 Ky. 522, although on appeal from such judgment the only question to be considered is as to the sufficiency of the pleadings to uphold the judgment. Davie's Exor. v. City of Louisville, 159 Ky. 252; International Harvester Co. v. Commonwealth, 161 Ky. 49.

As grounds for reversal it is urged that the pleadings show that Eric J. Rouse received the conveyance long prior to any of the proceedings mentioned in the petition; that it does not show that any incumbrance lien was filed in the clerk's office in accordance with the provisions of section 2358a, Kentucky Statutes, nor does it show that the plaintiffs did not have notice of defendant's unrecorded deed; that Eric J. Rouse was not chargeable with any notice of the pendency of the suit, and that the petition shows that his deed was also recorded prior to that of the appellee, and therefore takes precedence.

As to recording, in some jurisdictions it has been held that where a vendor makes two conveyances of the same land to innocent purchasers, neither having notice of the other's claim, that the one who secures priority in recording has the valid title. Warvelle on Vendors, section 537; 39 Cyc. 1647; Penrose v. Doherty, 70 Ark. 256.

But the construction turns upon the wording of the recording act. Our statute reads:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance." Section 496, Kentucky Statutes.

This section has uniformly been held to be for the protection of subsequent purchasers, and where the first purchaser fails to record his deed, if another person without notice thereof innocently purchases the land and accepts a deed therefor the latter's title will not be affected by the subsequent recording of the first deed, even though prior in point of time. Louisville Bldg & Loan Assn., Assignee v. Green, 22 Rep. 959. In such cases it is held that the conveyance to a subsequent purchaser relates back to the time of the purchase and that the title must in law be regarded as having then and as of that date passed to and vested in the purchaser (Tennis Coal Co. v. Asher, &c., 143 Ky. 223), though if any of the purchase money is paid subsequent to receiving notice of the

first conveyance the second will not be a *bona fide* purchaser as to it.   Ky. River Coal Co. v. Sumner, 195 Ky. 122; Winlock v. Monday, 156 Ky. 806; Hardin v. Herrington, 11 Bush 367.

The rule is based on the principle that the first purchaser is afforded an opportunity to give legal notice of his title, and that if he negligently fails to do so, and another innocently purchases the same property, the latter will be protected for the reason that as between the two innocent purchasers, the one whose negligence caused the injury should suffer the loss occasioned thereby.   However, it is incumbent on the last purchaser to show the *bona fides* of his transaction.

If the first purchaser is the plaintiff in the action he does not have to anticipate the question of notice as it is a matter of defense to be pleaded and proven by the defendant in such action.   Brogan v. Porter, 145 Ky. 587; Deskins v. Big Sandy Co., 121 Ky. 601.

For the same reason it would seem that where the last purchaser is seeking affirmative relief the burden is upon him to plead and prove the *bona fides* of the transaction.

It will be observed that the petition fails to allege that the plaintiff did not have actual notice of the Eric Rouse deed at the time of its purchase and at the time of the payment of the consideration, and in this respect it is insufficient, though otherwise it seems to be good.

It is claimed by the appellee that in as much as the deed was not executed directly by M. B. Rouse that section 496 of the statute does not apply, as that section applies only to subsequent conveyances by the same party. We do not think this position tenable.   The object of the statute was to protect subsequent purchasers and creditors, and as to parties claiming under or through M. B. Rouse it is immaterial whether the deed was made directly by the latter or came through the judicial proceedings above set out.

The appellants are claiming under a prior purchase and the provisions of section 2358a have no application to them, though under the facts stated in the petition the property is liable for the improvement assessment.

No other questions are considered, but for the reasons above indicated the judgment is reversed and cause remanded for proceedings consistent with this opinion.