## Stone v. Keith.

(Decided February 1, 1927.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

Lis Pendens—Purchaser, Taking Real Property Prior to Attachment Lien, Held Entitled to Priority, Though Deed and Lis Pendens were Recorded After (Ky. Stats, Sections 496, 2358a1-2358a4). —In view of Ky. Stats, sections 496, 2358a1-2358a4, purchaser for valuable consideration, who takes possession of land prior to perfecting of lien by attaching antecedent creditor, is entitled to priority, though deed was not recorded until day after attachment and lis pendens filed.

HUBBARD & HUBBARD for appellant.

HICKS & ROSE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

This appeal presents a pure question of law, the facts being agreed. Appellant, Bettie Johnson Stone, had pending in the Jefferson circuit court an action at law against L. D. and H. T. Keith to recover $601.23. Some time subsequent to the institution of the action she

filed an amended petition by which grounds of attachment were pleaded and an attachment was issued to Grayson county. It was levied on a tract of land in that county as the property of defendant, H. T. Keith, and on the day it was levied the *lis pendens* notice provided for by section 2358a-1-4, Kentucky Statutes, was filed in the Grayson county court clerk's office. Prior to the issuing of the attachment the defendant, H. T. Keith, for a valuable consideration, had sold and conveyed the tract of land on which it was levied to his brother, appellee, Everett Keith, and the latter, after having in good faith and for a valuable consideration, purchased, paid for and received deed of conveyance of the tract of land, had been put in possession and was so in possession of it at the time the attachment issued and was levied and the *lis pendens* notice was filed. He, however, had not had his deed of conveyance recorded. It was not recorded until the day after the attachment was levied and *lis pendens* notice was filed. Appellee, Everett Keith, intervened in the action pending in which the order of attachment issued, and on the issues joined between him and the attaching plaintiff therein on the question of priority, the cause was transferred to the equity docket and assigned to the chancery branch, first division. Upon the trial the chancellor held that the lien sought to be obtained by the attaching creditor, appellant, Bettie Johnson Stone, under the facts existing, could not prevail against the good faith purchaser for value who obtained deed of conveyance and went into possession before the attachment was levied and the *lis pendens* notice was filed. The appeal is prosecuted from that judgment.

Appellant insists that under these facts, in view of the provisions of section 496, Kentucky Statutes, the judgment of the chancellor is erroneous. That section reads:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

- "The word 'creditors' as used herein shall include all creditors, irrespective of whether or not

they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

The last sentence of the statute was added as an amendment by the legislature of 1916. Construing the amendment and determining its effect, in Mason v. Scruggs, 207 Ky. 66, it was said:

"We have, in this case, presented to us squarely, for the first time since its passage, the effect to be given to this amendment to the statute. After a careful consideration of the matter, with special reference to the evils sought to be remedied and the evident purpose of the legislature in passing this amendment, we have come to the conclusion that the expression 'all creditors' therein means subsequent creditors, whether they be secured or unsecured and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property."

In Larimore and Perkins v. Perkinson, 208 Ky. 382, it was said:

"By antecedent creditors are meant those whose debts were created before the debtor made the transfer which was not lodged for record. By subsequent creditors are meant those whose debts were created after the debtor made the transfer and before the transfer was lodged for record."

Under the facts hereof appellant clearly was an antecedent creditor; that is, her debt was created before the debtor made the transfer which was not lodged for record, and it is insisted for her that in view of that fact and in view of the fact that her attachment was levied on the tract of land and her *lis pendens* notice was filed before the deed to appellee was recorded, under the statute above, as construed in the two cases cited, she obtained priority and is entitled to subject the land in question to the payment of her judgment debt under the attachment lien as against the purchaser. To so construe the statute in question and the opinions construing it would be, however, to lose entire sight of its "without notice" provision. No one could successfully maintain, if T. H. Keith had executed and delivered a deed of conveyance for the tract of land in question to appellee,

Everett Keith, and the latter had thereunder taken possession of it without recording his deed, and T. H. Keith had subsequently conveyed the tract of land to another who recorded his deed first that the subsequent purchaser could oust appellee of his title and possession. It has been universally held that a purchaser for a valuable consideration under a contract, title bond or deed of conveyance who goes into possession thereby puts all persons on inquiry as to the character of his possession and holding. It has uniformly been held that subsequent conveyances under those facts are champertous and void because the real estate sought so to be conveyed is in the adverse possession of another. The most recent case on that subject is Elkhorn Coal Corporation v. Bradley, 216 Ky. 599. Can it be understood that the legislature intended to put mere creditors on a better footing or higher plane than good faith purchasers? The court does not think so.

In Mason and Moody v. Scruggs, *supra*, almost exactly the same situation was before the court as is here before it. There E. J. Allen owed appellee, Scruggs, $1,667.53, and in the month of September delivered to the latter a lot of tobacco in pledge to secure the payment of the debt. The pledge agreement was oral. In July previous Allen had mortgaged the same tobacco to appellants, Mason and Moody, who did not record the mortgage until October. Though Scruggs never had any record evidence of his lien upon or equity in the tobacco, it was held that as its possession was delivered to him under the oral pledge prior to the recording of the mortgage he thereby obtained priority. It was his possession of the property that served to put all others upon inquiry, and the lien subsequently sought to be obtained by the mortgagee by recording the mortgage, though it antedated the pledge, was rejected. The pledgee was adjudged priority.

Here when appellee, Everett Keith, took possession of the tract of land he put all persons on inquiry as to the character of his possession and claims; and appellant, an antecedent creditor, by subsequently attaching can not be said to have obtained his equity without notice. To hold otherwise would be to open wide the door to fraud which the statute in question was enacted to prevent. In purchasing the property of another one is not

required to ascertain what debts he owes further than such debts as may be secured by liens upon the property being purchased so evidenced that he is chargeable with notice.   He must always, however, look to the claims of those in the possession of such property.   If, under the facts hereof, appellant could be adjudged priority any debtor with unencumbered title of record and possession of property could unload his debts on an innocent purchaser of such property.   After delivering the deed the debtor could advise his creditors that he had conveyed, and they, before the purchaser who had taken possession could reach the county seat and lodge his deed for record, could institute action to recover their debt, cause attachment to issue, file the *lis pendens* notice, and obtain priority over the good faith purchaser for value without notice.   Clearly such was not intended by the statute in question.   The court's careful consideration of the facts of this case, in the light of the statute in question, leads unerringly to the conclusion that a purchaser for a valuable consideration who takes possession prior to the perfecting of the lien by an attaching antecedent creditor is entitled to priority though the deed be not recorded.

This conclusion is not at all out of harmony with the conclusion reached in Larimore and Perkins v. Perkinson, et al., 208 Ky. 382.   There the fact that the wife who held an unrecorded title bond and deed was living on the land was not sufficient to put purchasers and creditors on notice because she was living with her husband, who held title of record.   See also Phillips v. Hopkins, 208 Ky. 769.   Hence, the distinction.

The judgment of the chancellor being in accord with this court's conclusions will, therefore, be affirmed.

Judgment affirmed.