## Farmers' Bank of Smiths Grove v. Kinslow, et al.

(Decided November 1, 1927.)

Appeal from Warren Circuit Court.

Vendor and Purchaser.—Where on sale of farm to bank only interest retained by grantor was right to occupy part of premises and receive excess of resale price, entire title to farm passed, carrying

with it title to wheat crop thereon, and title of grantee taking possession under deed prior to service of attachment was good, under Ky. Stats., sec. 1908, as against a subsequently acquired attachment lien to subject proceeds of sale of wheat grown on land.

RODES & HARLIN for appellant.

W. B. GAINES for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

On June 14, 1924, R. H. Kinslow executed to the Farmers' Bank of Smiths Grove a promissory note which he secured by a mortgage on a lot of live stock. On July 15, 1926, the Farmers' Bank brought suit against Kinslow to recover on the note and enforce its lien. The live stock covered by the mortgage was ordered sold, but it appeared that all the stock had either died or been disposed of. A general order of attachment was obtained and served on the Model Roller Mill Company as garnishee, which held in its hands the sum of $834.44, the proceeds of a sale of wheat grown upon the Kinslow lands. On October 23, 1926, the Deposit Bank of Smiths Grove intervened and asserted title to the money in the hands of the Model Roller Mill Company. On final hearing it was adjudged that the wheat crop belonged to the Deposit Bank of Smiths Grove, and the Farmers' Bank of Smiths Grove has appealed.

It appears that on October 21, 1925, Kinslow executed to the Deposit Bank his promissory note for $424, payable nine months after date. The note recited that it was secured by a lien on 80 acres of wheat. It further appears that on March 25, 1926, Kinslow signed and acknowledged and delivered to the Deposit Bank the following agreement:

"This agreement made and entered into by and between R. H. Kinslow party of the first part and the Deposit Bank of Smiths Grove party of the second part as follows whereas the said Kinslow being indebted to the said bank and the Federal Land Bank for and in the sum of —— does hereby sell and convey to the said bank his farm located near Smiths Grove, Ky., containing 212 acres for the sum of $100 per acre.

"It is understood and agreed that the said bank is to sell the said farm on or before the 30th day of

July, 1926, either private or at public auction at the option of the said bank in the event the said farm sells for more than the indebtedness the remainder is to be paid to the said Kinslow said Kinslow to sign deed at time of resale, said Kinslow to have the use of certain field and the dwelling and outbuildings and barns, and is to care for the remainder of the farm as agreed.''

The evidence discloses that at the time the foregoing agreement was made there was a wheat crop on the Kinslow farm, and the land on which it was grown was not reserved in the agreement. Pursuant to the contract the bank took possession and charge of the wheat field, cut the wheat, and sold it to the Model Roller Mill Company.

Appellant insists that the above contract was not a sale of the farm and that at most the Deposit Bank had only a pocket lien on the wheat, which was not good as against appellant's attachment. We are not disposed to the view that no title passed by the agreement. It purports to be an outright sale of the farm for the sum of $100 per acre, and the only interest retained by Kinslow was the right to occupy certain portions of the premises, and the further right to receive any excess of the resale over and above that price. It is clear, we think, that the Deposit Bank was obligated at all events to pay Kinslow the sum of $100 an acre for the land, and that he could have made the bank account for any difference between that sum and the resale price, regardless of whether the land brought more or less than that sum. We are therefore forced to conclude that, with the exception of the rights reserved, the entire title to the farm passed to the Deposit Bank, thus carrying with it the title to the wheat crop then on the land. It is true that the contract of sale was not put to record, but, as the Deposit Bank took possession not only of the farm, but also of the wheat, and sold it to the Model Roller Mill Company, and this occurred prior to the service of the attachment, it follows that the title of the Deposit Bank was good as against the subsequently acquired attachment lien of the Farmers' Bank, and that the court did not err in so holding. Section 1908, Kentucky Statutes; Kloak Bros. v. Joseph, 150 Ky. 508, 150 S. W. 651; Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833.

Judgment affirmed.