## Chrisman v. Greer et al.

(Decided June 2, 1931.)

374

CHILDERS & BOWLES for appellant.

E. J. PICKLESIMER for appellees.

Opinion of the Court by Judge Willis—Affirming.

Willie Greer was engaged in the mercantile business at Jonancy and Martin, in Pike county, Ky. He became involved in financial difficulties, and was adjudicated a bankrupt in January, 1930. N. A. Chrisman was elected trustee in bankruptcy, and instituted an action against Willie Greer and wife and his brother, Andy Greer, to set aside two deeds dated July 11, 1929, by which Willie Greer conveyed to Andy Greer an undivided one-half interest in two tracts of land. Title to one of the tracts of land had been derived by Willie Greer and Andy Greer from a deed by Booker Mullins and wife, made many years before the transaction in question, and title to the other tract was acquired by the two brothers partly by inheritance from their father and partly by purchase from the other heirs. One of the deeds was recorded on December 3, 1929, and the other on December 11, 1929. The attack upon the deeds was rested upon sections 1906 and 1910 of the Kentucky Statutes, and was predicated upon the charge that they were fraudulent and preferential, and had been withheld from record until within four months prior to the bankruptcy of Willie Greer. The defense of Andy Greer was that he

had acquired the one-half interest of his brother in the two tracts of land several years prior to the execution of the deeds, that he had fully paid the agreed consideration, and that he had been unable to get a deed because of the domestic difficulties of his brother, resulting in a refusal of his wife to join in a deed. But possession of the property had been taken by Andy Greer at the time of purchase, and he had been in the sole, exclusive, and adverse possession and control thereof for many years before the deeds were made.

The circuit court upheld the deeds, and dismissed the petition of the plaintiff, from which judgment the trustee has prosecuted an appeal.

Since the deeds were recorded within four months prior to the bankruptcy, and were made to a brother at a time when the grantor was insolvent, the burden was upon the defendant Andy Greer, to establish the bona fides of the transaction. Magic City Coal & Feed Co. v. Lewis, 164 Ky. 454, 175 S. W. 992; Allen v. Ligon, 175 Ky. 767, 194 S. W. 1050; Farmers' & Merchants' Bank v. Blue, 233 Ky. 583, 26 S. W. (2d) 493. It is necessary, therefore, to examine the facts shown by Andy Greer to sustain the validity and good faith of the transaction.

It appears that prior to 1920 Willie Greer and Andy Greer, while engaged in business together, acquired the two tracts of land in question, and they were conveyed to them jointly. The active management of the business of the firm, prior to 1923, was entirely in the hands of Willie Greer. He listed the property of the firm for taxation, sublet portions of the places, and managed the property generally. About July, 1923, the firm had been dissolved, and Willie Greer had embarked in an independent mercantile business. At the time he did so, he sold to his brother, Andy Greer, his entire interest in the two farms. The consideration promised to be paid for the land, and for some other property not material to be noticed now, was $10,500. At the time the oral contract was made, Andy Greer released an indebtedness of $1,500 which he held against Willie Greer, and assumed the payment of three notes, which had been executed by Willie Greer, aggregating the sum of $2,975. The balance of the consideration was paid in installments from time to time, being completed in 1926. Andy Greer took entire and exclusive possession of the two farms in 1923, and from that time listed and paid the taxes thereon, and managed and controlled the property as his own.

As soon as all the consideration. had been paid, Andy Greer began efforts to obtain a deed from his brother, but, owing to some differences with his wife, Willie Greer was unable to induce her to join in the deed. These facts were proven by the testimony of Andy Greer and his brother, as well as by other witnesses. The efforts to obtain a deed were continued until July 11, 1929, when deeds were made and delivered to Andy Greer. The money which Andy Greer had paid for the property had been used by Willie Greer in the operation of his mercantile business in which he was prosperous until the last few months before his bankruptcy. The evidence is satisfactory and uncontradicted that Andy Greer purchased the land in good faith, paid full value therefor, and had the sole, adverse, and exclusive possession of the property for many years prior to the insolvency of Willie Greer. The facts were well known in the community, and the .slightest inquiry would have disclosed to the creditors, or any one, that Andy Greer was the owner of the two farms and that Willie Greer had parted with his interest therein. It is said that the failure to record the deeds dated July 11, 1929, until December 3d of that year, stamped the transaction as fraudulent. But the fact is fully explained, and the creditors could not have been misled when Andy Greer was in possession of the land. It is argued that Andy Greer was the owner of one-half of the property under the original deeds, and that his possession did not constitute notice to the creditors of adverse possession against a cotenant, whose title was consistent with the character of occupancy exhibited. No testimony is adduced to show that any of the creditors were misled by the circumstances, and any inquiry as to the character of the possession would have disclosed the facts. It is true that Willie Greer made or authorized statements to certain commercial agencies to the effect that he owned the land in question, but it is not shown that any creditor actually received or relied upon such statements, or that Andy Greer had any knowledge thereof. If investigation had been made, the true situation would have been discovered.

Where real property is sold by verbal contract, and the record title, as well as the possession, is left in the seller, the transaction is void as against creditors or

purchasers for a valuable consideration, without notice of the facts. Section 496 Ky. Statutes; Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833; Larimore & Perkins v. Perkinson, 208 Ky. 382, 271 S. W. 69. But where possession of the property is taken by the purchaser, and maintained thereafter, it operates as notice to creditors and purchasers. Stone v. Keith, 218 Ky. 11, 290 S. W. 1042; Warden v. Addington, 131 Ky. 296, 115 S. W. 241. Actual adverse possession is always notice of its nature and of the fact. Whittaker v. Farmers' National Bank of Somerset, 237 Ky. 596, 36 S. W. (2d) 18. Although the legal title may appear by the records to be in one person, a conveyance by such person is void if the property be in the adverse possession of another. Ky. Stats., sec. 210; War Fork Land Co. v. Carr, 236 Ky. 453, 33 S. W. (2d) 308; Pioneer Coal Co. v. Asher, 226 Ky. 488, 11 S. W. (2d) 116.

This case is readily distinguishable from the cases of Luther V. Campbell, 207 Ky. 420, 269 S. W. 313, Larimore & Perkins v. Perkinson, 208 Ky. 382, 271 S. W. 69, and Philips v. Hopkins, 208 Ky. 769, 271 S. W. 1075. In those cases the wife or a member of the family held unrecorded instruments to the land while the record title holder was living with the family, and there was nothing to put creditors or purchasers on notice or inquiry. The possession in such cases is presumed to be consistent with the title and not adverse to it. In this case the possession of Andy Greer was shown to be exclusive and adverse to the brother, who had full knowledge of the source and character of the claim of Andy Greer.

A joint tenant may hold adversely to the other tenants in common, and notice thereof may be actual or constructive. Elkhorn Land & Improvement Co. v. Wallace, 232 Ky. 741, 24 S. W. (2d) 560; Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832. The rights of the creditors, in the absence of some element of estoppel, or other exceptional facts, can be no greater than those of the cotenant. Here the cotenant had sold his interest in the land and had received the consideration. It was his duty to make a deed, and the possession of Andy Greer was a protection against the claims of his grantor's creditors until he obtained the conveyance of legal title. Whittaker v. Farmers' National Bank of Somerset, 237 Ky. 596, 36 S. W. (2d) 18.

It is apparent that the circuit court was correct in upholding the conveyance to Andy Greer.

An amended petition was filed seeking to recover some personal property which had been sold in due course of business by Willie Greer to Andy Greer. The amended petition alleged that the property belonged to the bankrupt and was merely left in the custody of Andy Greer. The uncontradicted evidence showed that the property had been purchased and paid for by Andy Greer in due course of business, and there was no evidence upon which the court would be justified in vacating the sale. The property was purchased in good faith and the price paid long before the bankruptcy of Willie Greer. Possession had been taken at the time and maintained without question for more than four months before the insolvency of Willie Greer was apparent. The subsequent events did not operate to invalidate a fair and legitimate transaction, which violated no law and affected the rights of no creditor. The circuit court was correct in dismissing the action.

The judgment is affirmed.