## Sears, Sheriff, et al. v. Cain et al.

(Decided March 8, 1932.)

HOWARD H. DENTON for appellants.

VIRGIL P. SMITH for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On May 6, 1930, E. C. Webb and wife sold and conveyed to C. C. Cain and Walter Hines a house and lot located in the town of Science Hill, Pulaski county.

On November 16, 1928, L. F. Bremmer and E. C. Webb executed and delivered to Beecher Smith a note for $500. After maturity of the note Smith brought suit against the payors to recover thereon. At the October, 1930, term of the Pulaski circuit court, judgment was rendered in his favor. On November 12, 1930, execution was issued thereon and placed in the hands of the sheriff of Pulaski county for levy. The execution was levied on the property conveyed by E. C. Webb and wife to C. C. Cain and Walter Hines. The levy was returned on November 14, 1930, and on the same day Beecher Smith caused a lis pendens notice of said levy on said property to be filed for record in the county court clerk's office. On December 3, 1930, the property was sold under the execution, and Beecher Smith became the purchaser. On November 17, 1930, Walter G. Hines sold and conveyed his interest in the property to Minnie Cain, wife of C. C. Cain.

This action was brought by C. C. Cain and Minnie Cain against A. T. Sears, sheriff of Pulaski county, and Beecher Smith to enjoin the delivery of a deed to the property, and to set aside the levy and sale thereunder. The defendants pleaded the foregoing facts, and also alleged that at the time of the levy of the execution and filing of the lis pendens the record title to the property was in E. C. Webb, and that neither defendant had any notice or knowledge whatsoever that the property had been conveyed by Webb to C. C. Cain and Walter Hines. During the progress of the suit C. C. Cain died, and the action was revived in the name of his children and heirs, and was thereafter conducted by them through their mother, suing as next friend. It developed on the hearing that the property was occupied by a tenant at the time of the sale from E. C. Webb and wife to C. C. Cain and Walter Hines, and that since that time the tenant had been paying rent to the purchasers. On final hearing the chancellor granted the relief prayed for, and the sheriff and Smith appeal.

Section 496, Kentucky Statutes, is as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance."

The construction of the statute was before the court in Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833, and we held that the expression "all creditors" means subsequent creditors, whether they be secured or unsecured, and such antecedent creditors, who at some time prior to the recording of the deed, or deed of trust, or mortgage, have secured some equity in the property. In Stone v. Keith, 218 Ky. 11, 290 S. W. 1042, we held that the words "without notice" applied to creditors, as well as purchasers for a valuable consideration, and that the possession of the grantee in the unrecorded deed was sufficient notice. Appellant insists that the rule is not

704

applicable here because there was no change of possession when the property was sold. In view of our conclusion it becomes unnecessary to consider that feature of the case. In Rouse v. Craig Realty Co., 203 Ky. 697, 262 S. W. 1083, we ruled that it was incumbent on one purchasing land after a prior conveyance to another, who did not record his deed under Kentucky Statutes sec. 496, to show the bona fides of his transaction, and if first purchaser is plaintiff in action he does not have to anticipate the question of notice, as it is a matter of defense to be pleaded and proved by the defendant. As the creditor stands on the same footing as the purchaser, it necessarily follows that it was incumbent on Smith, the execution creditor, to allege and prove that at the time he acquired his lien he had no notice of the prior conveyance from Webb and wife to C. C. Cain and Walter Hines. While he alleged want of notice in his answer, he did not go on the stand or support the allegation by proof of any kind. On the contrary, he rested his case solely on the insufficiency of the evidence to show any change of possession after the original purchase. As he did not sustain the burden of showing that he acquired his lien without notice of the claim of the purchasers under the unrecorded deed, it follows that he acquired no priority by the steps taken, and that the chancellor did not err in awarding appellees the relief prayed.

Judgment affirmed.