## Calloway v. Howard.

(Decided Feb. 24, 1933.)

E. N. INGRAM for appellant.

E. B. WILSON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment rendered by the Bell circuit court in favor of the appellee, Mahala Howard, adjudging her a lien against certain property conveyed by J. H. Saylor to the appellant, S. M. Calloway, and directing its sale for the satisfaction of appellee's judgment previously obtained against J. H. Saylor, and pursuant to which execution was issued and levied upon the property.

The appeal here presents the question of law as to who has the prior right or claim in the property in dispute, the appellant, S. M. Calloway, claiming under an unrecorded deed and alleged possession of the property at the time of the levy of execution thereon by the appellee, Mahala Howard, who in turn claims a prior lien thereon, under an execution levy and lis pendens notice thereof.

The facts of the case are for the most part admitted by stipulation of the parties, agreeing that the testimony introduced for the plaintiff and defendant heard in this case would prove the facts therein stipulated.

By the recitals of this stipulation, it is agreed that in April, 1930, Mahala Howard, the appellee, recovered judgment in the Bell circuit court against J. H. Saylor and Milliard Saylor jointly in the sum of $500, interest, and costs; that the defendants therein failed to perfect an appeal from this judgment, and on September 9, 1930, an execution was issued upon the judgment, which was immediately placed in the hands of the sheriff of Bell county for due execution thereon; that on September 19 next following, the execution was levied upon the property in dispute, known as the "Grant Partin" property, of which J. H. Saylor was then the record holder of title, and on the same day, the appellee did further file a lis pendens notice, pursuant to section 2358a-2 of the Statutes, of the levy of execution. Also, it appears that on the same day, the sheriff of Bell county advertised this property, upon which he had levied execution, as stated, for sale on November 3, 1930.

On October 24, 1930, or a few days before the advertised execution sale, the appellant, S. M. Calloway, produced a deed in the Bell county court clerk's office, which was recorded therein, purporting to convey this

"Grant Partin" property here in dispute from J. H. Saylor to S. M. Calloway, the appellant. This deed bears the date of October 15, 1929, and purports to have been acknowledged on the same day.

Later, sale was made of the property by the sheriff on November 3, as advertised, when it was sold for less than two-thirds of its value to appellee, and on November 6, 1930, a second execution was issued on the judgment in favor of Mahala Howard against Saylor who immediately levied upon his equity of redemption therein, and notice of sale of the property thereunder was then advertised for December 1, 1930, at which second sale, Saylor's equity of redemption was also then sold to appellee for the remainder of her debt, interest, and costs.

Certificates of purchase of the property were upon each of these sales delivered to the appellee.

On January 2, 1931, the appellant, Calloway, sued out a writ of forcible detainer against one Lige Asher, then holding possession of the property as the tenant of Mahala Howard. Upon the trial of this writ, appellant Calloway won.

In the following December, 1931, Mahala Howard (appellee) filed this suit in the Bell circuit court against S. M. Calloway, setting up therein, first, a cause of action in ejectment, and, second, by paragraph 2 of the petition, sought a cancellation of the deed made by Saylor to appellant Calloway, and that it be declared void, upon the grounds averred, of its having been made with the intent to cheat, hinder, and defraud his creditors, and in which fraudulent intent the said defendant Calloway had participated at the time the deed was executed.

Also, on March 1, 1932, appellee filed an amended petition, by which she sought to be adjudged a lien upon the property in question superior to that of the defendant, Calloway, upon the grounds of fraud, as stated in her petition and execution proceedings, and that said property should be sold upon her execution lien and the proceeds applied to the payment of plaintiff's debt.

The appellant, defendant below, filed answer, traversing the allegations of the petition, and further averred that at the time of the levying of the execution and filing of lis pendens notice by appellee in Sep-

tember, 1930, the record title to the property was then, and had been for about a year previous thereto, in appellant, as the fee simple owner thereof and that at all times since he had been in actual possession of said property.

By the stipulation of facts, it is agreed that at the time S. M. Calloway took the deed referred to herein from J. H. Saylor to the property involved in this case, he took possession of said property and held said possession continuously "until Lige Asher entered upon said property." It is further stipulated that J. H. Saylor, in the year 1930, listed the land for taxation in his own name, as being the only property he owned, and also that Calloway's deed bears date of October 15, 1929, as does the certificate of acknowledgment. It is further stipulated that the appellant, S. M. Calloway, is the son-in-law of J. H. Saylor, his alleged grantor of this property, and that the alleged deed from Saylor to Calloway was not produced for record until October 24, 1930, or until after the levy of execution was made and the lis pendens notice thereof duly filed in the clerk's office on the prior September 19, 1930. It is also agreed that the sheriff, on November 3, 1930, offered the land for sale, when Calloway by his attorney there made known the fact that he had a deed for the property. It is further stipulated that Mahala Howard did not know prior to said announcement at the sale that Calloway was claiming the property.

Upon a final hearing, the learned chancellor adjudged that the relief prayed for in paragraphs 1 and 2 of the petition should be denied, but that plaintiff, Mahala Howard, was entitled to a lien upon the property described in the petition; that the court found, as a fact, that "the defendant, S. M. Calloway, took a deed for the property in controversy before his grantor, J. H. Saylor, defendant's father-in-law, procured deed therefor; that the deed to the defendant from said Saylor follows verbatim the wording of the advertisement of sale of the property levied upon pursuant to the execution in favor of the plaintiff; that the property involved was listed for taxation in the year 1930 in the name of J. H. Saylor, after the alleged date of defendant's deed; and although it is stipulated that 'at the time S. M. Calloway took the deed referred to from J. H. Saylor to the property involved in this case, that he

took possession of said property and held said possession continuously until Lige Asher entered said property,' there is nothing in the record to show when Lige Asher took possession, nor when the defendant took possession except by reference to 'time S. M. Calloway took the deed'; and it being stipulated that the plaintiff, Mahala Howard, did not know prior to the announcement at the sale held in November, 1930, that Calloway was claiming the property, and the defendant having no recorded evidence of any claim to the property prior to October 24, 1930, it is evident the deed to the defendant, S. M.·Calloway, had not been delivered to the defendant, at the time of the levy of execution and recording of the lis.pendens notice on September 19, 1930; and the court is of the opinion that, from all the facts and circumstances, and in view of sections 496, 500 and 2358a-2 of the Kentucky Statutes, the plaintiff is entitled to a lien upon the property superior to the claim of the defendant; and it is therefore ordered * * * that said lot of land * * * be sold.''

From this judgment, S. M. Calloway appeals, complaining that the chancellor erred in adjudging appellee, Mahala Howard, entitled to an execution lien in the disputed property, superior and prior to appellant's right therein, as the then holder of Saylor's unrecorded deed to the property and of its alleged possession by him thereunder.

Section 496, Kentucky Statutes, under which appellee was adjudged her lien right in the disputed property, by reason of her levy of execution and filing a lis pendens notice, provides as follows:

"No deed or deed of trust or mortgage conveying a legal or equitable title to real or personal estate shall be valid against a purchaser for a valuable consideration, without notice thereof, or against creditors, until such deed or mortgage shall be acknowledged or proved according to law and lodged for record.

"The word 'creditors' as used herein shall include all creditors irrespective of whether or not they may have acquired a lien by legal or equitable proceedings or by voluntary conveyance.''

The construction of this statute was before the court in Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833, 834, wherein we held that "the expression 'all

creditors' * * * means subsequent creditors, whether they be secured or unsecured, and such antecedent creditors who at some time prior to the recording of the mortgage or deed of trust have secured some equity in the property."

In Reynolds v. Sizemore, 233 Ky. 122, 25 S. W. (2d) 48, 49, this construction of the section as amended by the Legislature in 1916 (1916 Acts, chapter 41) was approved and the section, by reason of its amendment, there held to "include subsequent as well as antecedent creditors, and to permit either class to obtain a superior lien by attachment when the creditors were without actual or constructive knowledge of any prior incumbrance."

This statute section 496 was again construed and illuminatingly discussed in Stone v. Keith, 218 Ky. 11, 290 S. W. 1042, 1043, where, in the course of the court's opinion, it is said:

"Under the facts hereof appellant clearly was an antecedent creditor; that is, her debt was created before the debtor made the transfer which was not lodged for record, and it is insisted for her that, in view of that fact, and in view of the fact that her attachment was levied on the tract of land and her lis pendens notice was filed before the deed to appellee was recorded, under the statute above, as construed in the two cases cited (Mason v. Scruggs, 207 Ky. 66, 268 S. W. 833, Larimore v. Perkinson, 208 Ky. 382, 271 S. W. 69), she obtained priority and is entitled to subject the land in question to the payment of her judgment debt under the attachment lien as against the purchaser. To so construe the statute in question and the opinions construing it would be, however, to lose entire sight of its 'without notice' provision. * * * It has been universally held that a purchaser for a valuable consideration under a contract, title bond, or deed of conveyance, who goes into possession, thereby puts all persons on inquiry as to the character of his possession and holding. It has uniformly been held that subsequent conveyances under those facts are champertous and void, because the real estate sought so to be conveyed is in the adverse possession of another. * * *

"The court's careful consideration of the facts of this case, in the light of the statute in question, leads unerringly to the conclusion that a purchaser for a valuable consideration, who takes possession prior to the perfecting of the lien by an attaching antecedent creditor, is entitled to priority, though the deed be not recorded."

The rule of construction of the statute, as here announced and applied, was further quoted with approval and applied by this court in its decision of the later case of Powell's Trustee in Bankruptcy v. Powell, 232 Ky. 27, 22 S. W. (2d) 293, where it was held that the actual, open, and unequivocal possession of the land by the son, which father had conveyed to him by a deed which was never recorded, was notice to father's creditors of whatever title son claimed under Kentucky Statutes, sec. 496. Also to like effect see the case of Chrisman v. Greer, 239 Ky. 373, 39 S. W. (2d) 676.

While the language used in this opinion clearly shows the character of possession which is required by the claimant of an unrecorded deed, in order to put attaching or execution creditors or purchasers upon their notice and inquiry as to the character of the occupant's possession and holding, it was, however, further announced in the very recent case of Sears, Sheriff, v. Cain, 242 Ky. 702, 47 S. W. (2d) 513, that the burden rests upon the execution creditor to allege and prove that at the time he acquired his lien he had no notice of the prior conveyance to another of the property levied upon; the court in said case saying:

"In Rouse v. Craig Realty Co., 203 Ky. 697, 262 S. W. 1083, we ruled that it was incumbent on one purchasing land after a prior conveyance to another, who did not record his deed under Kentucky Statutes, sec. 496, to show the bona fides of his transaction, and if first purchaser is plaintiff in action he does not have to anticipate the question of notice, as it is a matter of defense to be pleaded and proved by the defendant. As the creditor stands on the same footing as the purchaser, it necessarily follows that it was incumbent on Smith, the execution creditor, to allege and prove that at the time he acquired his lien he had no notice of the prior conveyance from Webb and wife to C. C. Cain and Walter Hines."

Applying the rule of construction of the statute and the legal principles announced in these quoted cases to the determination of appellant's contention here presented, that his position was here that of being both the holder of an unrecorded conveyance and maintaining possession of the disputed property, at the time it was levied upon by appellee as a judgment creditor of his grantor, it follows that his claim should prevail over appellee's claimed right of lien acquired under her execution levy and lis pendens notice thereof, while alleged so held by appellant, should we find that he is supported in his claimed position by the pleadings and agreed stipulation of facts or proof showing he was, in fact, in possession of this property under prior conveyance when levied upon in September, 1930, and that the appellee, Mahala Howard, as execution creditor, had not maintained her burden of alleging and proving that she was at the time of attempting to acquire execution lien upon the property without notice of its prior alleged conveyance to the appellant.

It is clear that appellee, at the time of levying her execution in September, 1930, had no constructive notice of appellant's claim of ownership of the property, in that he had, it is admitted, at such time never recorded his deed to the property, alleged made him by Saylor about a year before.

It is further shown by the parties' stipulation that appellee, Mahala Howard, did not know, prior to Calloway's announcement at the later November sale of the property, that he was making any claim to it. So, both of these forms of giving notice to appellee of Calloway's claim to the property being thus eliminated, there remains only the further question as to whether she was at this time chargeable with an implied notice or put upon her inquiry as to adverse claim of Calloway to the property, by reason of its then possession by him.

The stipulation recites that "it is agreed that at the time S. M. Calloway *took the deed* referred to herein from J. H. Saylor to the property involved in this case, *that he took possession* of such property and held such possession continuously until Lige Howard (Asher) entered said property."

The learned chancellor, in his weighing of the meaning and moment of this stipulation, concluded that

the same did not show that appellant was in possession of this property at the time of the levy of execution thereon, for the reason that the record fails to show either when Lige Asher (appellee's tenant) took possession or when the appellant, Calloway, took possession, except by reference to the time "S. M. Calloway took the deed"; but inasmuch as it is nowhere shown when the deed was delivered him (or when he "took the deed") prior to his presenting it for record upon the later date of October 24, 1930, and, too, as it is admitted by stipulation that appellee had no knowledge of either his possession or claim, prior to November, 1930, the learned chancellor concludes therefrom that "it is evident that the deed to the defendant, S. M. Calloway, had not been delivered to the defendant at the time of the levy of execution and recording of lis pendens notice on September 19, 1930," and therefore that he had not at such time taken possession, as stipulation admits that possession was only taken by appellant upon delivery of deed to him, which is nowhere shown by the record as ever delivered prior to October 24, 1930.

The chancellor further found as a fact, weighing against appellant's claim, that the deed was made him to this property by his father-in-law, J. H. Saylor, in the preceding October, 1929; that despite his alleged sale of the property to appellant, Saylor had continued to list and pay taxes upon the property, as if yet his own, during the succeeding year of 1930; and also that this deed, as later presented and recorded by appellant, bore, both upon its face and record of recited source of title, badges or indicia of fraud, calling into question and suspicion the alleged fact of its having been executed at all at the time of its recited date, or at any time before its presentment for record in October, 1930.

However, these recitals of the judgment need here only be considered in such respect as they tend to show Saylor's nonexecution or delivery of deed to the property to appellant in 1929, since it would necessarily follow that, if no such deed to the property was in fact made appellant in October, 1929, prior to the levying of appellee's execution, the same could not have been delivered to appellant or possession taken by him of the property thereunder, nor any notice thereby given appellee of a prior, nonexisting, unrecorded conveyance to appellant.

The chancellor's finding, upon the agreed stipulation and from these evidential facts, that Saylor's deed was neither shown made nor delivered to appellant, and therefore that he did not take deed to nor possession of this disputed property prior to September, 1930, when appellee's execution was levied, would, if same is not clearly against the preponderance of the evidence, relieve appellee of the burden imposed upon her, under the rule announced in the Sears Case supra, of proving that she was without notice of appellant's unrecorded deed to and possession of the disputed property at the time of levying execution and acquiring her lien.

The well-established rule being that, where the mind is left in doubt as to the truth of the chancellor's finding of fact, it is not to be disturbed, we are here constrained, in adherence to this rule, to accept his finding that no deed, nor delivery of deed, was made to appellant and that he had not taken over nor was in possession of the disputed property at the time of appellee's levying execution and filing lis pendens notice thereof on September 19, 1930. From this conclusion thus reached by us, it must needs follow that the appellee, having shown good faith in her execution proceedings against the property, in that, for the reasons stated, she was without notice of any possessory or unrecorded title rights held by the appellant therein (before his recording of his alleged deed to the property), acquired a good and valid execution lien upon the property for the amount of her judgment debt against J. H. Saylor, which was prior and paramount to appellant's right or title to the property claimed under and by virtrue of his alleged unrecorded deed thereto.

The learned chancellor's judgment being in accord with our views as herein expressed, it should be and is hereby affirmed.