**In re GIBSON et al.**

**PHILLIPS v. CREECH.**

No. 6246.

Circuit Court of Appeals, Sixth Circuit.

June 30, 1933.

Cleon K. Calvert, of Pineville, Ky. (J. G. Bruce and W. L. Hammond, both of Pineville, Ky., on the brief), for appellant.

H. C. Gillis, of Williamsburg, Ky. (Tye, Siler, Gillis & Siler, of Williamsburg, Ky., and James H. Jeffries and E. B. Wilson, both of Pineville, Ky., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

MOORMAN, Circuit Judge.

On July 19, 1929, T. F. and H. J. Gibson executed a mortgage for $10,000 to John L. Phillips to secure an antecedent debt of $4,000 and a present loan of $6,000. The mortgage was recorded November 13, 1929. On February 7, 1930, involuntary petitions in bankruptcy were filed against the Gibsons. After adjudication, this suit was brought by the trustee to cancel the mortgage on the ground that it constituted a voidable preference under section 60 of the Bankruptcy Act (11 USCA § 96). The District Court sustained the contention, and the mortgagee appeals.

■ The statute on which the decision below was based provides that in determining whether or not a transfer is voidable because preferential the period of four months shall be computed from the date of the recording or registering of the transfer if by law recording or registering is required or permitted. The recording of the mortgage here in question

was within four months of the date of the filing of the petition in bankruptcy. The court below, construing the recording act of Kentucky, section 496, Kentucky Statutes, as it thought the decision of this court in Re Frost, 12 F.(2d) 1, required, held that the mortgage was not effective until the date it was recorded, and as that date was within four months of the filing of the petition in bankruptcy, the effect of the recording was to give the mortgagee a preference as against antecedent creditors.

Before the Frost Case was decided, this court had held in Re Duker Ave. Meat Market, 2 F.(2d) 699, that the amendment of 1916 to section 496 of Kentucky Statutes abolished the distinction that had theretofore existed between antecedent and subsequent creditors. It was held in Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833, decided after the decision of this court in the Duker Case, that the words "all creditors" in the statute meant subsequent creditors without notice of the unrecorded mortgage and such antecedent creditors as had secured some equity in the property at some time prior to the recording of the deed or mortgage. In reversing the judgment in the Frost Case this court said that the opinion in Mason & Moody v. Scruggs was not inconsistent with the conclusions arrived at in the Duker Case. In this we think the court was wrong, for the Duker Case, as we have seen, held that the statute as amended made no distinction between antecedent and subsequent creditors, whereas the Kentucky Court of Appeals held in Mason & Moody v. Scruggs and has since reiterated [Evans v. Wheeler, 208 Ky. 1, 270 S. W. 42; Stone v. Keith, 218 Ky. 11, 290 S. W. 1042; Goodin & Barney Coal Co. v. Southern Elkhorn Coal Co., 219 Ky. 827, 294 S. W. 792; Farmers' Bank v. Kinslow, 221 Ky. 627, 299 S. W. 549; Sears v. Cain, 242 Ky. 702, 47 S.W.(2d) 513] that an unrecorded mortgage is not good against subsequent creditors without notice but is good against all antecedent creditors who have not secured some equity in the property at some time prior to the recording of the mortgage. To the extent that the Duker Case conflicts with this view it is overruled.

The Frost Case dealt with a mortgage given by the bankrupt before but not recorded until after the bankruptcy, and the court held that by virtue of section 47 of the Bankruptcy Act (11 USCA § 75) the filing of the petition in bankruptcy before the mortgage was recorded gave to the trustee, representing antecedent creditors, a prior lien as against the mortgagee. It was not necessary to decide in that case whether a lien acquired by a trustee for antecedent creditors would take precedence over the lien of a mortgage recorded before the filing of the bankruptcy proceeding. Under the Kentucky decisions a mortgage is effective as of the date it is executed and delivered and continues so as to antecedent creditors unless they secure some equity in the property before it is recorded. Accordingly, the recording does not mark the date of the effectiveness of the mortgage as to such creditors, but merely prevents them from thereafter securing precedent equities. In this case the trustee represents only antecedent creditors, none of whom held any equity in the property prior to the filing of the petition in bankruptcy. The only equity represented by the trustee, therefore, is that given him by virtue of section 47 of the Bankruptcy Act (11 USCA § 75), and as against that the mortgage is good unless it can be successfully attacked under some other provision of the act. In re Bell Motor Co. (C. C. A.) 45 F.(2d) 19, 24; Martin v. Commercial National Bank, 245 U. S. 513, 519, 38 S. Ct. 176, 62 L. Ed. 441.

The trial court indicated in its opinion that the mortgage might be attacked as fraudulent under section 67e of the act (11 USCA § 107 (e) but made no finding on that point. Indeed, the bill did not seek to have the mortgage set aside under that provision, but alleged only an unlawful preference. In view of the intimation contained in the court's opinion, we think that justice requires that the cause be remanded for a hearing upon that issue and that the trustee be permitted to amend his bill to assert invalidity under any other section of the Bankruptcy Act which seems to him to authorize such action.

Reversed and remanded for further proceedings.