## NATIONAL BOND & INVESTMENT CO. v. JONES.

### No. 6766.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1935.

Nolan H. Tepper, of Chicago, Ill., and G. E. Wade, of Louisville, Ky. (John W. Creekmur and Leonard M. Cohen, both of Chicago, Ill., on the brief), for appellant.

D. A. Sachs, Jr., and Lee S. Jones, both of Louisville, Ky., for appellee.

Before MOORMAN, HICKS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is an appeal from a decree awarding the appellee, trustee in bankruptcy of Ditto Johnson Motor Company, the value of six automobiles alleged to have been transferred by the bankrupt to the appellant in contemplation of insolvency and with a view of preferring the appellant to the bankrupt's other general creditors. The decree is based on a finding by the trial judge that the deliveries were made when the motor company was insolvent and in an effort to protect the appellant against loss on the motor company's indebtedness to it irrespective of the rights of other creditors.

The bankrupt was engaged in the retail automobile business. It obtained money from the appellant to buy automobiles. The automobiles here in controversy were bought from the Ford Motor Company. The bankrupt ordered them, and, after receiving them, presented the invoices to Rothschild, who furnished it the funds to pay for them. At the same time the bank-

rupt executed and delivered to Rothschild bills of sale for the automobiles, with ninety-day drafts for the amounts he had advanced to it. He agreed to permit the bankrupt to retain possession of the cars and offer them for sale. If they were not sold and the drafts paid within ninety days, the bankrupt was to execute new bills of sale and drafts of like character and duration. Rothschild assigned both the original and renewal papers to appellant. The drafts had not been paid when the cars were delivered to appellant. Thereafter, and before this action was brought, appellant sold the cars.

The action is based, as stated by counsel for appellee, upon the Kentucky Statutes, and not upon any claim of preference under the Bankruptcy Act. The appellee contends that the transaction between the bankrupt and Rothschild was an unconditional sale·of the automobiles to Rothschild, and, there being no accompanying transfer of possession, the sale was invalid as to other creditors under section 1908 of Kentucky Statutes. In attacking the sale under this statute the appellee stands in the place of a creditor as that term is therein used. There has been no definition of the term by the Court of Appeals of Kentucky. This court, however, has defined it as having the same meaning as creditors in section 496 of the Kentucky Statutes.. Toof v. City National Bank of Paducah, 206 F. 250. "Creditors" in the latter statute has been held to mean subsequent creditors without notice of the unrecorded deed or mortgage and antecedent creditors who have secured some equity in the property prior to the recording. In re Gibson, 65 F.(2d) 921 (6 C. C. A.). In order to set aside the transfer or recover the value of the automobiles under this statute, it was necessary, therefore, that the appellee show that as trustee he represented at least one creditor within one or the other of the classes therein protected.

 We think the transaction amounted to nothing more than the lending of money to the bankrupt by Rothschild and the giving to Rothschild of mortgages upon the automobiles to secure the payment of the loans. Such mortgages are not valid against certain creditors under section 496 of Kentucky Statutes until recorded, that is, antecedent creditors who have secured some equity in the property prior to the recording of the mortgage and subsequent creditors without notice of it. In re Gibson, supra. Here, too, in order to set aside

the mortgage, it was necessary that it be shown that the appellee represented at least one creditor who came within one or the other of the classes as to which the mortgage was not valid. The delivery of possession of the automobiles to the appellant was as effective as to the bankrupt's creditors as the recording of the bills of sale or mortgages on that day would have been. Farmers' Bank v. Kinslow, 221 Ky. 627, 299 S. W. 549. Upon that basis there was no showing that appellee represented any creditor who came within the protection of either section 1908 or section 496 of the statutes. Lacking such a showing, there was no ground for setting aside the transaction under either statute. As the automobiles were delivered to appellant pursuant to agreements which are not alleged or shown to have been made in contemplation of insolvency or with a desire to prefer one or more creditors to the exclusion of others, there was no ground for permitting a recovery under section 1910, Kentucky Statutes. Brooks, Waterfield & Co. v. Staton's Admr., etc., 79 Ky. 174.

The decree is reversed and the cause remanded, but the parties may amend their pleadings and introduce such additional evidence as may be proper to present a justiciable case within the rulings herein made.