Matter of Henry R. KAUFMAN & Francis W. Woods, individually and doing business as Froelich Heating Company. No. 17709.

United States District Court
W. D. Kentucky, at Louisville.
Aug. 2, 1956.

Allen Schmitt, Louisville, Ky., for Tiller Piano Co.

Samuel Steinfeld, Louisville, Ky., for trustee.

BROOKS, District Judge.

On May 17, 1954, the Tiller Piano Company sold a piano to the bankrupt under a conditional sales contract. The conditional sales contract was not recorded until five days prior to the adjudication of the bankrupt on August 20, 1955. The trustee objected to the allowance of the claim as a secured claim, and on being sustained by the referee, the question was certified for review.

The creditor takes the position that an equitable lien was created when the conditional sales contract was executed and the date of recording or the fact that it was recorded is without significance. It is urged that the equitable lien created is superior to the claim of other creditors in the absence of an intervening lien or proof that subsequent creditors extended credit without notice of the conditional sales contract with the burden on the creditors to establish that they did extend credit without notice.

The plaintiff is correct as to the law as it existed prior to the 1950 amendment to the Bankruptcy Act. See the well considered opinion of Judge Miller in In re Independent Distillers of Kentucky, D.C. 1940, 34 F.Supp. 708, 710, wherein it is stated:

"In order for a creditor to prevail over the conditional sales vendor who has not recorded his instrument, he must be either an antecedent creditor who at some time prior to the recording of the mortgage has secured some equity in the property, or a subsequent creditor without notice of the vendor's claim. Mason & Moody v. Scruggs, 207 Ky. 66, 268 S. W. 833; In re Gibson, 6 Cir., 65 F. 2d 921; National Bond & Investment Co. v. Jones, 6 Cir., 78 F.2d 601. The burden is on the creditor to prove that he comes within the necessary classification. Sears, Sheriff v. Cain, 242 Ky. 702, 47 S.W.2d 513; Calloway v. Howard, 247 Ky. 730, 736, 57 S.W.2d 677."

However, in 1950 Congress amended Section 60 of the Bankruptcy Act and it now provides that the recognition of equitable liens would be denied where available means of perfecting a legal lien have not been employed. Section 60, sub. a(6) of the Bankruptcy Act, 11 U.S. C.A., § 96, sub. a(6), Republic National Bank of Dallas v. Vial, 5 Cir., 1956, 232 F.2d 785.

In Kentucky a conditional sales contract must be recorded to be perfected as against subsequent lien creditors, KRS 382.270. In re Independent Distillers of Kentucky, supra; White v. General Motors Acceptance Corporation, D.C., 2 F. Supp. 406; In re Selman's Inc., D.C., 58 F.2d 681; Munz v. National Bond & Investment Co., 243 Ky. 293, 47 S.W.2d 1055. Therefore, since a conditional sales contract is a transfer, Section 1(30) of the Act, 11 U.S.C.A. § 1(30), and a transfer is not deemed to have been made until perfected against subsequent lien creditors by recording, Section 60, sub. a(2) of the Act, 11 U.S.C.A. § 96, sub. a (2), it follows that the transfer in this case was made within four months of bankruptcy. Also since the transfer was made after the debt arose, it secured an antecedent debt. Corn Exchange National Bank & Trust Co. v. Klauder, 318 U.S. 434, 437, 63 S.Ct. 679, 87 L.Ed. 884. The claim of the creditor is thus subject to attack as a voidable preference if the other essential elements of a voidable preference are present.

Section 60, sub. a of the Bankruptcy Act sets forth the essential elements that must be proven by the trustee to establish a preferential transfer, and Section 60, sub. b, the requirements necessary to avoid it. They are: (1) a transfer by the debtor, (2) to a creditor, (3) for an antecedent debt, (4) while insolvent, (5) within four months of bank-

ruptcy, (6) the effect of which transfer will be to enable the creditor to obtain a greater percentage of his debt than some other creditor of the same class. If these six essential elements are established, the preference exists and is voidable by the trustee upon proof that at the time the transfer was made the creditor had reasonable cause to believe that the debtor was insolvent.

The record in this case as it now stands does not fully disclose whether all the essential elements of a voidable preference exist, and therefore this case is remanded for further proceedings consistent with this memorandum.