## American Nat. Bank v. Stark et al.

(Decided Nov. 29, 1932.)

226

RODES & HARLIN and G. D. MILLIKEN for appellant.
LAURENCE B. FINN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN
—Affirming.

On October 12, 1907, T. C. and F. A. Kelly mortgaged certain real estate they owned to the Potter-Matlock Bank & Trust Company as trustee for the sum of $8,280, evidenced by one note for $4,000, two notes for $1,000 each, one note for $1,780, and one note for $500. All of these notes were due three years after their date; that is, on October 12, 1910. The Potter-Matlock Bank & Trust Company was made trustee for the bondholders as the holders of the lien notes were called. On January 2, 1911, the appellees, J. C. Stark, T. J. Stark, and Leon Stark, partners doing business under the firm name of J. C. Stark & Bros., learning that Potter-Matlock Bank & Trust Company held the Kelly notes for sale, purchased the $4,000 and the $500 notes. Interest was paid thereafter by the makers of these notes to the Stark brothers, and especially was such interest paid in the years 1916, 1917, and 1918. On March 14, 1931, the Kellys by deed conveyed to the appellant, the American National Bank, the property which had been mortgaged by them in 1907 to secure the notes now held by the Stark brothers. This suit was then brought by the Stark brothers to collect their notes and to foreclose their mortgage. The bank by its answer claimed title to the property in question under its deed, and sought to defeat the mortgage lien of the appellees on the ground that, under section 2514 of the Kentucky Statutes as amended in 1918 (chapter 132), the mortgage lien of the appellees was at least as to the bank barred on October 12, 1925, the period of limitation not being extended beyond that date on account of the payment of interest by the Kellys to the appellees in the years 1916, 1917, and 1918 because of the failure of the mortgagor and mortgagee to comply with the requirements of the 1918 amendment to sec-

tion 2514 of the Statutes. That amendment added to section 2514, which prior thereto had prescribed a period of 15 years as the limitation on a cause of action on a bond, the following words:

> "No promise, or acknowledgment, or payment of money by any person bound on any bond or obligation for the payment of money secured by a lien shall operate as a prolongation or extension of the time within which such lien may be enforced as against purchasers or creditors, unless the promisor and the holder of the lien, before fifteen years after the maturity of the debt, shall enter a memorandum on the margin of the record of the deed or mortgage, attested by the clerk, showing that the debt is extended, and for what time it is extended, and the amount still due thereon."

It is conceded that the mortgagor and the appellees did not comply with the requirements of this amendment.

The answer of the bank clearly discloses that it was not a bona fide purchaser of the property in question without notice of the claimed lien of the appellees. On the contrary, it distinctly admits knowledge of such claim on the part of the appellant at the time it took its conveyance. Further, the defense of "bona fide purchaser for value without notice" is an affirmative one. Sears v. Cain, 242 Ky. 702, 47 S. W. (2d) 513. The court sustained a demurrer to this answer of the appellant, and, the latter declining to plead further, and the case being submitted on the pleadings, a judgment was entered adjudging the appellees' mortgage lien superior to appellant's conveyance. From that judgment this appeal is prosecuted.

While it is true the 1918 amendment to section 2514 does not have incorporated in it the words "without notice" or words of like import after the word "purchaser" or "purchasers and creditors" yet, remembering the evils at which this amendment was aimed, we are convinced that the intention of the Legislature was to invalidate these extensions caused by payments on or acknowledgments of lien debts only as to purchasers or creditors without notice. It is a matter of common knowledge that, at the time this act was passed, there was and perhaps there still is yet a great number of mortgages and deeds with vendor's lien therein stand-

ing on the record books, the due date of the principal of the debts secured thereby being many years back of the 15-year period prescribed by section 2514 of the Statutes as the limitation period for the bringing of suits upon the same. In most instances, the debt had been paid, and the parties had just neglected to have the lien released. In some of such cases, it was and is impossible to secure a release at this late date due to inabiilty to find the proper person to make the release. In other instances, the debt had been really barred by limitations. But in some instances the debt had been kept alive by the payment of interest or by acknowledgment of the debt. With matters in this state, it was very difficult for those called upon to pass on titles to give an opinion as to their state. To obviate this trouble and to enable parties who wished to buy property or to extend credit on the faith of its ownership, the 1918 amendment to section 2514 of the Statutes was passed, so that there would be a record of payments or acknowledgments which served to prolong the life of these lien debts to apprise such purchasers or creditors. It will be noted that the 1918 amendment does not invalidate the prolongation of the life of these lien debts as between the parties. It leaves that situation untouched. Hence it is clear that the Legislature was not aiming at the death of such prolongations unless a record was made of it. This being true, the aim of the Legislature was undoubtedly to require a record of such prolongations, so that those who did not actually know of them could rely on what the records disclosed. It is true that, in most of our recording statutes, the words "without notice" accompanies the words "purchasers for value," but the words "without notice" seldom accompany the words "creditors," and yet it is settled that creditors with notice are subordinate to those who hold prior rights, though not recorded as the statute in question may require. See Swafford's Adm'r v. Asher (Ky.) 105 S. W. 164, 31 Ky. Law Rep. 1338; Cf. Sears v. Cain, supra. Thus we see that the fundamental principle back of these recording statutes is to protect bona fide purchasers and creditors without notice. We are of opinion that the 1918 amendment to section 2514 should be construed with this principle in mind and in the light of what the Legislature was undoubtedly seeking to remedy thereby. This being true, and the pleadings either disclosing that the appellant took with actual knowledge of appellees' lien or failing to

.set up in proper fashion the affirmative defense of bona fide purchaser for value without notice, the court did not err in sustaining appellees' demurrer to appellants' answer and adjudging appellees' lien superior to appellant's conveyance. The judgment is affirmed.

Whole court sitting.